United States Court of Appeals
Fifth Circuit

**F I L E D**

June 16, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

———————

No. 03-51378

———————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TROY DAYTON FULLER,

Defendant-Appellant.

———————————————————————————————

Appeal from the United States District Court
For the Western District of Texas

———————————————————————————————

Before GARWOOD, DAVIS, and GARZA, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Troy Dayton Fuller ("Fuller") appeals *pro se* his conviction for being a felon in possession of

a firearm, in violation of 18 U.S.C. § 922(g). He raises claims as to the validity of his indictment, the

enhancement of his sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C.

§ 924(e)(1), and prosecutorial misconduct.

I

Fuller was stopped at the Sierra Blanca checkpoint and asked his citizenship. When he evaded

answering, a Border Patrol agent asked for permission to search his car. Fuller pushed a bag out the window and told the agent to search just the bag. The agent pushed the bag back into the car and directed Fuller to secondary inspection, where his car was searched. Agents found a loaded .380 semi-automatic pistol in a zippered pouch in a slide-out drawer under the front passenger's seat. A drug-sniffing dog alerted to the car, but no drugs were ultimately discovered. A check on Fuller's driver's license number revealed that he was a convicted felon. When the Border Patrol agents informed Fuller that he might be placed under arrest for possessing the gun, he asserted that he was not governed by the laws of the United States and did not recognize the agents as law enforcement officers. He was then placed in custody.

Fuller was indicted for knowingly possessing a firearm, in violation of 18 U.S.C. § 922(g)(1).[1] The indictment also stated that he had been convicted of a violent felony on three prior occasions and thus was subject to 18 U.S.C. § 924(e).[2] In 1993, Fuller had been convicted of possession of a firearm by a convicted felon and use of a firearm during and in relation to a drug-trafficking offense. The other two convictions underlying the § 924(e) enhancement were both for state convictions for

_____

[1]     § 922(g)(1) provides:
It shall be unlawful for any person—(1) who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate commerce, or possess in or affecting commerce, any firearm or ammunition. . . .

[2]     § 924(e)(1) provides:
In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

burglary of a building on September 20, 1982 ("the 1982 burglaries"). He was ultimately found guilty by a jury.

Fuller objected to the Pre-Sentence Report ("PSR"), arguing that the 1982 burglaries were non-violent crimes, that they had occurred too long ago to trigger a sentencing enhancement, and that they were not committed on different occasions. At sentencing, Fuller testified that he and a friend simultaneously burglarized two trailers placed next to each other, entering them "at the same identical time." The district court found that Fuller's testimony was not credible and held that the two burglary convictions were "separate and distinct episodes rather than a continuous course of conduct or a crime spree." The district court also rejected Fuller's arguments that the burglaries were not "violent" for the purposes of the enhancement and that they occurred too long ago to be considered. The district court sentenced Fuller to 220 months imprisonment, three years of supervised release, and a mandatory special assessment of $100.00.

II

A

Fuller argues that his indictment is void because he was indicted by a special grand jury, which he claims is unconstitutional, and because the government was allowed exclusive control over the grand jury process. His first argument is factually baseless in that the grand jury that indicted him was not special. *See* 18 U.S.C. §§ 3331-3334 (establishing procedures governing special grand juries). The record indicates that Fuller was initially indicted by a grand jury drawn from the Pecos division of the Western District of Texas and that he was eventually re-indicted by a grand jury drawn from the El Paso division, as permitted by the Local Rules governing the Western District. *See* W.D. TEX. R. CR-6B.

-3-

Fuller's second argument, that the grand jury process violates the separation of powers principle because the government prosecutor exercised exclusive control over the proceedings, is legally meritless. *See United States v. Williams*, 504 U.S. 36, 51-52 (1992) (stating with approval that the suspect under investigation by a grand jury has never had a right to testify or to present exculpatory evidence ).

B

Fuller next raises a series of claims he labels "prosecutorial misconduct." Because Fuller is proceeding *pro se*, we construe these claims liberally. *Chriceol v. Phillips*, 169 F.3d 313, 315 n.2 (5th Cir. 1999). Fuller appears to challenge the prosecution's closing arguments, object to the admission of 404(b) evidence, question the judge's commentary on his relationship to the Republic of Texas,[3] and contest the admission of photographs of his vehicle.

Fuller argues that the government's closing argument was improper because the prosecutor alluded to Fuller's 1993 firearm conviction, his duffle bag, the fact that a drug-sniffing dog alerted to his car, and his bad back. Because Fuller did not object during trial to the conduct of the prosecutor, we review only for plain error. *See United States v. Gallardo-Trapero*, 185 F.3d 307, 321 (5th Cir. 1999). The government's closing argument merely reviewed the evidence presented at trial. It is not improper for the government to summarize the evidence presented at trial. *United States v. Simpson*, 901 F.2d 1223, 1227-28 (5th Cir. 1990). Because Fuller has not shown that the prosecutor made improper statements, he has not demonstrated plain error. *See id.*

Fuller's arguments regarding the 1993 conviction can also be read as an argument that the

_____

[3]  "The Republic of Texas is an organization that is dedicated to removing all federal government operations from the State of Texas and re-establishing Texas as an independent nation." *United States v. Wise*, 221 F.3d 140, 144 n.1 (5th Cir. 2000).

district court abused its discretion by including the conviction as 404(b) evidence. *See* FED. R. EVID. 404(b) (permitting the admission of evidence of other crimes for purposes other than action in conformity therewith, "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident"); *United States v. Pompa*, 434 F.3d 800, 805 (5th Cir. 2005) (stating that evidentiary rulings are reviewed for abuse of discretion, though that review is heightened in criminal cases). Because Fuller's conviction is relevant to his knowledge that the gun was in the car, which was a disputed issue in the case, the district court did not abuse its discretion in admitting evidence of it.

Fuller next argues that the district court improperly admitted evidence of Fuller's relationship to Republic of Texas. The jury heard testimony that Fuller was initially evasive about his citizenship; that he ultimately identified himself as a "Texian," rather than a United States citizen; that he was wearing a Republic of Texas cap; and that he told Border Patrol agents that he was not subject to the laws of the United States. The district court properly admitted this evidence on the ground of *res gestae*. *See United States v. Navarro*, 169 F.3d 228, 233 (5th Cir. 1999) ("Evidence that is 'inextricably intertwined' with the evidence used to prove the crime charged . . . is admissible so the jury may evaluate all the circumstances under which the defendant acted.").

Fuller argues that the district court improperly told the jury that Fuller was a member of the Republic of Texas. Defense counsel objected when a Border Patrol agent testified that the Republic of Texas was an "armed militia group." The district court sustained the objection and instructed the jury not to consider the agent's statement. The district court then stated, "[The defendant] was a member of the Republic of Texas. You can consider that information." Fuller points out that the evidence did not establish that he was a *member* of the organization, as he was merely wearing a

baseball cap bearing its name. We must therefore consider whether the judge's commentary on the evidence "improperly remov[ed] an issue of fact from the jury." *United States v. Redd*, 355 F.3d 866, 876 (5th Cir. 2003). Fuller did not object at trial so we review for plain error. *Id.*

Any negative inference the jury might have drawn from the above-discussed *res gestae* evidence could only have been marginally increased by the district court's comment. Moreover, the district court was very careful not to admit evidence that the Republic of Texas is a violent organization, further limiting any prejudicial effect of his comment. The district court's comment did not "seriously affect the fairness, integrity, or public reputation of the trial" and thus does not constitute reversible error. *See id.* (internal quotation omitted).

Finally, Fuller argues that the district court erred in allowing the government to submit photographs of the interior of his vehicle that illustrated where the gun was concealed. He argues that the photographs were taken in violation of his Fourth and Fifth Amendment rights. His Fourth Amendment argument fails because he admits that these photos were taken after his arrest. Searches incident to a lawful arrest are permissible as an exception to the warrant requirement. *United States v. Ho*, 94 F.3d 932, 935 (5th Cir. 1996). His Fifth Amendment "takings" argument fails because taking photographs of the interior of Fuller's van neither worked a physical invasion on his property nor removed "all economically beneficial or productive" use of the property. *See Lucas v. S.C. Coastal Council*, 505 U.S. 1003, 1015 (1992).

C

Fuller also challenges the district court's application of the ACCA. We review *de novo* the legal conclusions underlying the district court's application of the ACCA. *United States v. Stone*, 306 F.3d 241, 243 (5th Cir. 2002).

Fuller first argues that the 1982 burglaries are not crimes of violence for the purposes of § 924(e). This argument is foreclosed by Fifth Circuit case law. Fuller was convicted of burglary of a building, in violation of Texas Penal Code § 30.02, and this court has previously held that convictions under that statute are crimes of violence for the purposes of § 924(e). *See United States v. Silva*, 957 F.2d 157, 162 (5th Cir. 1992).

Second, Fuller argues that his convictions for the 1982 burglaries are too old to serve as predicate convictions for a § 924(e) enhancement. *See* U.S. SENTENCING GUIDELINES MANUAL § 4A1.2(e)(1) (2003) ("Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted."). However, "the time periods for the counting of prior sentences under § 4A1.2 . . . [are not] applicable to the determination of whether a defendant is subject to an enhanced sentence under 18 U.S.C. § 924(e)." *Id.* § 4B1.4, cmt. n.1. Therefore, this claim also fails.

Finally, Fuller argues that the two burglaries were not committed on "occasions different from one another" and that therefore the district court erred when it imposed the § 924(e) enhancement. At sentencing, Fuller testified that he and a friend entered two different buildings (or trailers) simultaneously. The district court found that Fuller was not credible and that the robberies had occurred at least minutes apart. Fuller argues on appeal that nothing in the record supports the district court's determination that the burglaries occurred on different occasions.

The critical inquiry when deciding whether separate offenses occurred on "occasions different from one another" for purposes of the ACCA is whether the offenses occurred sequentially. *United States v. Ressler*, 54 F.3d 257, 260 (5th Cir. 1995). In *Ressler*, the defendant broke into a home and was fleeing the scene when someone saw him and gave chase. Within minutes, the pursuer caught

the defendant, who responded by stabbing the would-be detainer. We held that the housebreaking and stabbing were two convictions for purposes of § 924(e) because the housebreaking was complete when the stabbing occurred. *Id.; see also United States v. Washington*, 898 F.2d 439, 441 (5th Cir. 1990) (holding that two robberies of the same clerk in the same market within a few hours are separate offenses for purposes of § 924(e)). Other circuits addressing this question have reached similar results. *See, e.g., United States v. Pope*, 132 F.3d 684, 692 (11th Cir. 1998) (holding that a defendant's convictions for burgling two different doctor's offices located 200 yards apart, constitute two crimes, even though the two burglaries were separated by only moments); *United States v. Brady*, 988 F.2d 664, 668-70 (6th Cir. 1993) (en banc) (holding that two armed robberies, separated in time by less than an hour, are two convictions for purposes of § 920(e)).

In contrast to cases where the first offense is complete before the second begins, *United States v. Murphy*, 107 F.3d 1199 (6th Cir. 1997), involved a defendant who entered one apartment in a duplex, aided accomplices in the burglary of the adjacent apartment by acting as a lookout, and then completed the burglary of the first apartment. *Id.* at 1208. The Sixth Circuit held that the two burglaries could not be counted as separate ACCA predicate convictions because they did not occur on occasions different from one another. *Id.* at 1210. The court noted that there was "no principled way of distinguishing between the end of the first burglary and the beginning of the second." *Id.* at 1210.

In light of this case law, whether the 1982 burglaries occurred on occasions different from one another turns on whether they occurred sequentially, as the district court held that they did, or simultaneously, as Fuller claims. To determine whether two offenses occurred on different occasions, a court is permitted to examine only "the statutory definition, charging document, written plea

agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *United States v. Norwood*, 155 Fed. Appx. 784, 785-86 (5th Cir. 2005) (quoting *Shepard v. United States*, 544 U.S. 13, 16 (2005)). In this case, the indictment for each of the burglaries was included in the PSR. Each charged Fuller with entering another person's trailer without the owner's consent. No other *Shepard*-approved material appears in the PSR with respect to the 1982 burglaries.

On their face, the indictments support the district court's conclusion that Fuller committed the burglaries sequentially. However, in Texas, "a person is criminally responsible for an offense committed by the conduct of another if 'acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense.'" *Bell v. State*, 169 S.W.3d 384, 395 (Tex. App.—Fort Worth 2005, pet ref'd) (quoting TEX. PENAL CODE ANN. § 7.02(a)(2)) (internal citation omitted). "The trial court may charge the jury on the law of the parties even though there is no such allegation in the indictment." *Sandoval v. State*, 54 S.W. 3d 396, 399 (Tex. App.—Eastland 2001, pet. ref'd). A jury could have convicted Fuller of one of the burglaries on a theory of law of the parties even if he only aided the burglary in the way the defendant in *Murphy* did, by acting as a lookout while he stood inside the other trailer. By extension, Fuller might have pleaded guilty to the charges in the indictment even if he was only guilty as a party to the crime. Based on the indictments alone, therefore, we cannot determine as a matter of law that the burglaries occurred on different occasions. Because the record does not contain the written plea agreement, the plea colloquy, or other *Shepard*-approved material that might

resolve this question, we must vacate Fuller's sentence with respect to the ACCA enhancement.[4]

III

For the foregoing reasons, we AFFIRM Fuller's conviction but VACATE his sentence and REMAND the case to the district court for resentencing not inconsistent with this opinion.

---

[4] The Ninth Circuit reached a similar result in *United States v. McElyea*, 158 F.3d 1016, 1021 (9th Cir. 1998). In that case, "[the defendant] and an accomplice broke into a store that was part of a strip mall. Once inside the store, they chopped a hole in the wall between the store they had entered and the adjoining store. Items were removed from each store." *Id.* at 1018. After reviewing the legislative history of the "different occasions" requirement and noting that nothing in the record revealed whether McElyea even entered the second store, the court held that the two burglaries did not occur on occasions different from one another. *Id.* at 1021.