United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 8, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 05-50716
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN MICHAEL SHERWOOD,

Defendant-Appellant.

Appeal from the United States District Court
For the Western District of Texas
USDC No. 4:04-CR-191-1

Before GARZA, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

John Sherwood appeals his conviction and sentence for possessing with intent to distribute

500 kilograms or more of marijuana, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

I

Border Patrol agents stopped and searched the truck John Sherwood ("John") and his brother,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

David Sherwood ("David"), were driving. A narcotics dog alerted to several pallets of cans of jalapeño peppers in the back of the truck. Inside those cans, the agents discovered bundles of marijuana underneath a layer of jalapeños. The total weight of the bundles was 747.11 kilograms.

Inside the cab of the truck, the agents found a newspaper article from Ojinaga, Mexico, describing the destruction of several marijuana fields by Mexican state police, a business card for a hotel in Ojinaga, and an invoice for ten pallets of grocery products.

David and John were subsequently indicted. John elected to represent himself at trial, and the court appointed standby counsel to assist him. In addition to the evidence previously described, the Government introduced recordings of incriminating telephone calls that John made to Kristin Lajeunesse while in jail, in which he stated "they were tipped" and that his brother may "snap any minute and tell, help break the whole thing" and instructed Lajeunesse to pay his attorney "[w]hen the Drug Dealers pay me the rest of the money." A jury ultimately found him guilty.

Following the jury's verdict, the district court appointed counsel to represent John at sentencing and on appeal.

II

A

John argues that the district court erred in permitting him to represent himself without making a greater effort to determine whether he had mastered the Federal Rules of Evidence. There is, however, no requirement that a defendant have knowledge of the Federal Rules of Evidence for his waiver of the right to counsel to be valid. *See Faretta v. California*, 422 U.S. 806, 836 (1975) (defendant's "technical legal knowledge . . . [is] not relevant to an assessment of his knowing exercise of the right to defend himself"). "[A] defendant who elects to represent himself cannot thereafter

complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.' " *Id.* at 834 n.46.[1]

Nor was it error to deny John's request, made mid-trial, to have standby counsel conduct the balance of the trial. The decision to permit the accused "to examine some but not all the witnesses must be left to the sound discretion of the district court." *United States v. Norris*, 780 F.2d 1207, 1211 (5th Cir. 1986); *see also McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984) ("*Faretta* does not require a trial judge to permit 'hybrid' representation . . . ."). We discern no abuse of discretion.

B

John argues that the district court erred in permitting Border Agent Gonzales to translate for the jury the Spanish-language newspaper article seized during the arrest and in failing to instruct the jurors to refrain from attempting to translate the article themselves. Because John did not object to the admission of this testimony or request a jury instruction, we review for plain error. *United States v. Akpan*, 407 F.3d 360, 373 (5th Cir. 2005). Under this standard, we may reverse only where: 1) there is error; 2) that is plain; 3) that affects the defendant's substantial rights; and 4) that "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Valdez*, 453 F.3d 252, 267 (5th Cir. 2006). To establish that an error affects "substantial rights," a defendant must ordinarily establish that the error was prejudicial. *United States v. Olano*, 507 U.S. 725, 734 (1993). John has failed to present any argument that Officer Gonzales mistranslated the article or that any error effected his substantial rights. He has therefore not established plain error.

---

[1] We also note that John took classes for two years at the University of Pennsylvania, operated a "liquidation business," worked in a prison law library, and had previously represented himself in a felony criminal case.

C

John argues that the district court erred in admitting into evidence a tape recording of a conversation between himself and Lajeunesse in which he stated that David was about to "snap" and "break." He fails to identify any evidentiary rule or other source of law that would prohibit the admission of this evidence, and the basis for his argument is unclear. Accordingly, the argument is waived. *See* FED. R. APP. P. 28(a)(9)(A) (appellant's brief must contain citation to relevant legal authorities); *United States v. Edwards*, 303 F.3d 606, 647 (5th Cir. 2002) (inadequately briefed arguments are waived).

D

John raises two arguments with respect to the disclosure of an audio recording of a telephone call David made to Lajeunesse while in jail. First, he argues that the district court abused its discretion when it denied his pretrial motion for copies of the recordings. The district court denied this motion because it failed to comply with its "Standing Discovery and Scheduling Order," which required the parties to make discovery requests upon each other before filing motions. John had not demonstrated that he had served such a request on the Government. The district court's order did not prevent John from making a request on the Government and filing an appropriate motion if that request were denied.

"We review a district court's discovery rulings for an abuse of discretion." *United States v. Butler*, 429 F.3d 140, 148 (5th Cir. 2005). Because John's motion failed to comply with the district court's discovery order and the Rules of Criminal Procedure, there was no abuse of discretion. *See* FED. R. CRIM. P. 16 (note to 1975 Enactment) ("[T]he rule provides that the parties themselves will accomplish discovery))no motion need be filed and no court order is necessary. The court will

-4-

intervene only to resolve a dispute as to whether something is discoverable or to issue a protective order."); *United States v. Sullivan*, 578 F.2d 121, 124 (5th Cir. 1978) (denial of discovery motion not an abuse of discretion when defendant failed to first serve request on Government and court's standing order required disclosure upon request); 2 WRIGHT, FEDERAL PRACTICE AND PROCEDURE § 257, at 179 (3d ed. 2000) ("There is no need for a motion until the party has unsuccessfully requested discovery.").

Second, John argues that the district court erred in denying his motion for a new trial on the ground that the undisclosed recording contained exculpatory evidence. A transcript of the tape reveals that Lajeunesse urged David to testify truthfully before the Grand Jury in exchange for a grant of immunity.[2]

Where the basis for a motion for a new trial is an alleged violation of *Brady v. Maryland*, 373 U.S. 83 (1963), we review the district court's ruling *de novo*. *United States v. Martin*, 431 F.3d 846, 850 (5th Cir. 2005). To establish a *Brady* violation, a defendant must show that the prosecution suppressed favorable evidence that was material to either guilt or punishment. *Id.* The prosecutor stated before the district court that he had informed John's standby counsel, Novert Morales, that recordings of telephone conversations made while John was in jail were available. John did not dispute that these recordings were made available. The recordings therefore were not suppressed. *See United States v. Mulderig*, 120 F.3d 534, 541 (5th Cir. 1997) (no requirement that the prosecution point to specific exculpatory material contained within a larger body of disclosed

---

[2] John states in his brief that the allegedly suppressed conversation was between himself and Lajeunesse. The transcript reveals, however, that the conversation was between David, and Lajeunesse. The Government appears to concede, however, that Lajeunesse was relaying instructions from John.

evidence).

E

John contends that the Government improperly argued during closing statements that he was a supplier of marijuana to drug dealers. Because he failed to object, our review is for plain error. *See United States v. Fuller*, 453 F.3d 274, 277 (5th Cir. 2006). Even where an objection has been made, the defendant's burden in seeking reversal based on improper argument to the jury is "substantial." *United States v. Mares*, 402 F.3d 511, 515 (5th Cir. 2005). He must establish that the prosecutor's remark cast "serious doubt" on the jury's verdict. *Id.* John fails to identify any prejudice he suffered as a result of the Government's argument and has therefore not met his burden of establishing plain error.

F

John argues that the district court erred in denying his motions for a judgment of acquittal and for a new trial based on the sufficiency of the evidence that the marijuana weighed more than 500 kilograms. Because he moved for a judgment of acquittal at the close of the Government's case but did not renew his motion at the close of all evidence, we review the denial of that motion only to determine whether his conviction resulted in a manifest miscarriage of justice. *United States v. Avants*, 367 F.3d 433, 449 (5th Cir. 2004). Such a miscarriage occurs when the record is "devoid of evidence of guilt or the evidence [is] so tenuous that a conviction is shocking." *Id.* We review for an abuse of discretion the denial of a motion for a new trial based on insufficiency of the evidence. *United States v. Arnold*, 416 F.3d 349, 360 (5th Cir. 2005). Although the district court enjoys broad discretion in ruling on a motion for a new trial, it "may not reweigh the evidence." *Id.* (quoting *United States v. Robertson*, 110 F.3d 1113, 1118 (5th Cir. 1997)). The motion may be granted only

when the evidence "preponderate[s] heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *Id.* (quoting *Robertson*, 110 F.3d at 1118).

John's challenges to the sufficiency of the evidence fails under either standard. Agent Vanessa Conoly testified that the marijuana removed from the truck weighed 748.68 kilograms. John argues that this measurement erroneously included an "unproved amount of plastic type packaging/wrapping" and marijuana stems and stalks. 21 U.S.C. § 802(16) provides that, for purposes of the Controlled Substances Act, the term "marijuana" does not include "the mature stalks" of the plant. However, Officer Raul Gonzales testified that, at most, the packaging accounted for only 3% the weight of the marijuana bundles. Moreover, John stipulated that the substance seized was marijuana, and he failed to establish that the marijuana contained any mature stalks or other excludable material.

John also argues that the district court abused its discretion when it denied his motion for a new trial because a border patrol agent noted on a copy of David's criminal history that there were 522 cans in the truck. At trial, however, Agent Conoly testified that there were 539 cans in the truck. John contends that this discrepancy may have affected the weight of marijuana attributable to him if that figure was arrived at by multiplying the average weight of the marijuana contained in each can by the total number of cans. John cites no evidence, however, suggesting that Conoly arrived at the weight of the marijuana using such a sampling method. To the contrary, Conoly testified that she counted and weighed the marijuana bundles "one by one."

John also confusingly argues that the there was insufficient evidence for the jury to conclude that his discount wholesale business was associated with his marijuana smuggling operation. However, no issue submitted to the jury required it to make any finding with respect to the nature

of John's business.

G

John argues that the district court erred in not granting his motion for a new trial based on his belief that some of the jurors were "hesitant" in finding him guilty. He cites no legal authority in support of this claim. It is therefore waived. *See* FED. R. APP. P. 28(a)(9)(A).[3]

H

John argues that the district court abused its discretion when it denied his motion for a continuance of his sentencing hearing. Following the trial, the district court appointed counsel to assist John at sentencing. John requested a continuance so that his new counsel would have more time to review the trial record. We review a denial of a motion for a continuance prior to sentencing for an abuse of discretion. *United States v. Peden,* 891 F.2d 514, 519 (5th Cir. 1989). To prevail, John must demonstrate that he was prejudiced by the district court's decision. *Id.* John fails to identify any further argument he would have presented to the district court had he had additional time to review the trial record.[4]

III

For the foregoing reasons, we AFFIRM the judgment and sentence.

---

[3] To the extent that John argues that the jurors failed to follow the district court's instruction regarding the "beyond a reasonable doubt" standard, his showing is insufficient to rebut the presumption that jurors follow the court's instruction. *See Zafiro v. United States*, 506 U.S. 534, 540-41 (1993).

[4] To the extent that John argues that his counsel's performance was deficient due to inadequate time to prepare for the hearing, thereby depriving him of effective assistance of counsel, he has similarly failed to demonstrate prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (defendant must demonstrate prejudice to prevail on ineffective assistance of counsel claim).