United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 13, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-40338
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

TERRY JOE CARTER,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:05-CR-450
--------------------

Before BARKSDALE, GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Terry Joe Carter pleaded guilty to being a felon in
possession of two firearms.  Carter had one prior Texas
conviction of unlawful delivery of a controlled substance, two
prior convictions of burglary of a building, and one prior
conviction of robbery.  The district court considered those
convictions in sentencing Carter under the Armed Career Criminal
Act (ACCA).  See 18 U.S.C. § 924(e)(1).  Carter contends that the
district court erred by regarding his prior burglary convictions
as "violent felonies" for purposes of the ACCA.  As Carter

------------------

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

concedes, this issue is foreclosed.  See United States v. Fuller, 453 F.3d 274, 278 (5th Cir. 2006).  Because Carter's two burglary convictions, together with the robbery conviction, are sufficient for sentencing under the ACCA, see § 924(e)(1), any error in regarding Carter's prior conviction of delivery of a controlled substance as a "serious drug offense" for purposes of § 924(e)(2)(B) was harmless.  See United States v. Munoz, 150 F.3d 401, 419 & n.17 (5th Cir. 1998).

Carter contends that it was unconstitutional to enhance his sentence under the ACCA because the indictment did not allege the predicate convictions, a jury did not find the existence of the predicate convictions beyond a reasonable doubt, and he did not admit to them in pleading guilty to violating 18 U.S.C. § 922(g)(1).  As Carter properly concedes, this issue is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998).  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).

Carter contends that § 922(g)(1) is unconstitutional on its face because it does not require that the offense had a "substantial" effect on interstate commerce, or, alternatively, that there was an insufficient factual basis for conviction under the statute because the mere movement of a firearm from one state to another, at an undetermined time in the past, did not constitute a substantial effect on interstate commerce. As Carter concedes, "the constitutionality of § 922(g) is not

open to question." See United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001) (quotation marks omitted). Further, the factual basis was sufficient as Carter admitted that he unlawfully possessed two shotguns that had been manufactured outside Texas and that had traveled in commerce to the Southern District of Texas. See United States v. Guidry, 406 F.3d 314, 318 (5th Cir.), cert. denied, 126 S. Ct. 190 (2005). No error has been shown, plain or otherwise. The judgment is AFFIRMED.