United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 4, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-40816
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FINESS EDWARD STOKES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:05-CR-55-ALL
--------------------

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:*

Finess Edward Stokes appeals his conviction for being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g), and his resulting 188-month sentence. Stokes renews his argument that the admission of evidence regarding his extrinsic acts, specifically, his possession of firearms on March 3, 2005, two weeks after the instant offense, was error under FED. R. EVID. 403 and 404(b).

This court reviews rulings admitting evidence under Rule 404(b) under a heightened abuse-of-discretion standard. United

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

States v. Buchanan, 70 F.3d 818, 831 (5th Cir. 1995). Because Stokes pleaded not guilty and, contrary to his assertion on appeal, argued at trial that he did not knowingly possess the firearm, Stokes's intent to commit the instant offense was at issue. See United States v. Broussard, 80 F.3d 1025, 1040 (5th Cir. 1996). As the district court determined, the current offense and the March 3, 2005, offenses were the same and required the same intent; the evidence of Stokes's firearms possession on March 3 was thus relevant to show his knowledge that the guns were in the car he drove on February 19, a disputed issue in the case. See United States v. Fuller, 453 F.3d 274, 277 (5th Cir. 2006); United States v. Beechum, 582 F.2d 898, 913 (5th Cir. 1978) (en banc).

Stokes's argument that the extrinsic-acts evidence was unnecessarily cumulative given the testimony by William Archer directly linking him to the firearms in the instant case is not well taken. As the district court found, there were credibility issues with Archer's testimony. Moreover, any prejudice arising from the admission of the evidence regarding Stokes's March 3 firearms possession was cured by the district court's limiting instruction. See United States v. Broussard, 80 F.3d 1025, 1040 (5th Cir. 1996). Consequently, the district court did not abuse its discretion in admitting the evidence.

Stokes next contends, for the first time on appeal, that trial counsel was ineffective in failing to object to sentencing

enhancements assessed him in paragraphs 21 and 22 of the presentence report.  Because the argument is raised exclusively under the rubric of an ineffective-assistance claim, and because the district court record is undeveloped regarding counsel's performance, this court will not consider the claim.  <u>See</u> <u>United States v. Miller</u>, 406 F.3d 323, 335-36 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 207 (2005); <u>see</u> <u>also</u> <u>Massaro v. United States</u>, 538 U.S. 500, 503-04 (2003).

AFFIRMED.