# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40273
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 15, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JASON WAYNE MCDONNEL,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:15-CR-803-1

Before STEWART, Chief Judge, and CLEMENT and SOUTHWICK, Circuit
Judges.

PER CURIAM:[*]

Jason Wayne McDonnel appeals the 180-month sentence imposed
following his guilty plea conviction of being a felon in possession of a firearm
under 18 U.S.C. § 922(g).  McDonnel claims that the district court erred in
sentencing him as an armed career criminal under the Armed Career Criminal
Act ("ACCA"), 18 U.S.C. § 924(e).  He contends that the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

committed error in enhancing his sentence under the ACCA because the Government did not satisfy its burden in establishing that his three predicate offenses occurred on occasions different from one another.  McDonnel further contends that, under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the district court reversibly erred by enhancing his sentence under the ACCA, because his indictment did not charge, a jury did not find, and he did not admit, the predicate facts necessary for an ACCA enhancement.

Because McDonnel's claims concerning the district court's application of the ACCA were not presented in district court, review is only for plain error. *See United States v. Medina-Anicacio*, 325 F.3d 638, 643 (5th Cir. 2003) ("When a defendant objects to his sentence on grounds different from those raised on appeal, we review the new arguments raised on appeal for plain error only."). To show plain error, McDonnel must show a forfeited error that is clear or obvious and that affects his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Henao-Melo*, 591 F.3d 798, 801 (5th Cir. 2009).  "Even then, this court does not exercise its discretion to correct the error unless it seriously affects the fairness, integrity, or public reputation of judicial proceedings and result[s] in a miscarriage of justice."  *Henao-Melo*, 591 F.3d at 802 (internal quotation marks and citations omitted).

Under § 924(e)(1), a defendant convicted of being a felon in possession of a firearm is subject to a minimum sentence of 15 years if he has three prior convictions for "a violent felony or a serious drug offense, or both, committed on occasions different from one another."  McDonnel's sentence was enhanced due to his two prior Texas convictions for delivery of a controlled substance and attempted taking of a weapon from a peace officer, and his prior Wisconsin offense for burglary.  The Government established those convictions were for violent felonies and/or serious drug offenses that occurred on separate

occasions, by providing (i) as concerns the Wisconsin burglary conviction, the criminal complaint, information, and judgment and (ii) as concerns the two Texas convictions, the indictments and judgments. *See United States v. Fuller*, 453 F.3d 274, 279 (5th Cir. 2006); *United States v. Barlow*, 17 F.3d 85, 89 (5th Cir. 1994). "Once the Government establishes the fact of a prior conviction based upon a guilty plea, the defendant must prove the invalidity of the conviction by a preponderance of the evidence." *Barlow*, 17 F.3d at 89.

McDonnel did not meet this burden. McDonnel neither denied that the offenses underlying the three convictions at issue occurred on different occasions nor introduced any evidence, much less a preponderance, that they occurred on the same occasion. Additionally, as concerns the convictions at issue on this appeal—the Texas drug and weapon convictions—McDonnel (i) did not dispute the existence of those convictions; (ii) did not dispute that the Texas drug conviction constituted a "serious drug offense;" (iii) recognized that any argument that his Texas weapon conviction was not a "violent felony" was foreclosed by this court's precedent, *see United States v. Avalos-Martinez*, 700 F.3d 148 (5th Cir. 2012); and (iv) did not dispute that his guilty pleas concerning those convictions were entered with adequate procedural safeguards. Based on the evidence presented, the district court consulted only *Shepard*-approved sources, *see Shepard v. United States*, 544 U.S. 13, 26 (2005), concluded from those sources that McDonnel's offenses occurred on different occasions, and applied the ACCA enhancement. Given McDonnel's failure to offer evidence to the contrary, the district court's findings did not constitute clear or obvious error.

Citing *Fuller*, 453 F.3d 274, and *United States v. Constante*, 544 F.3d 584, 587 (5th Cir. 2006), McDonnel argues that the burden always remained with the Government to prove that the subject offense occurred on different

occasions. However, in each of those cases, the defendant had raised an objection in the district court to the ACCA enhancement, and, after the district court overruled the objections, appealed to this court raising the same issues. *Fuller*, 453 F.3d at 278; *Constante*, 544 F.3d at 584-85. Applying a *de novo* standard of review in each case, this court disagreed with the district court and implicitly found that the defendant in each case had carried his burden of proof in the district court through some combination of evidence and argument. *Fuller*, 453 F.3d 278-79; *Constante*, 544 F.3d at 585, 586-87. In contrast, because McDonnel failed to offer any evidence or object to the ACCA enhancement on the grounds raised on appeal, the record is simply insufficient to establish that the district court, in finding that the subject offenses were committed on different occasions, committed any error that is clear or obvious. *See Puckett,* 129 S. Ct. at 1429.

McDonnel's further contention that, under *Apprendi*, the facts underlying his three prior convictions "should have been charged in the indictment, and either proved to a jury or admitted by him, before they could be used to raise the statutory maximum sentence applicable to him," has been foreclosed. *Apprendi*, 530 U.S. at 489-90; *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998); *United States v. Juarez-Duarte*, 513 F.3d 204, 211 (5th Cir. 2008); *United States v. Guevara*, 408 F.3d 252, 261 (5th Cir. 2005).

AFFIRMED.