# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-11045

United States Court of Appeals
Fifth Circuit

**FILED**
October 12, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

     Plaintiff - Appellee

v.

DAMONI OWENS,

     Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-37-1

Before HIGGINBOTHAM, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

     This case concerns the enhancement of Damoni Owens' sentence under the Armed Career Criminal Act (ACCA) following his conviction for possession of a firearm as a felon. At sentencing, the district court concluded that Owens was an "armed career criminal" subject to a mandatory sentence enhancement under the ACCA. We consider whether the district court properly

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

circumscribed the sources on which it relied to apply the enhancement. We conclude it did not. We vacate the sentence and remand for resentencing.

I.

On August 20, 2014, the Fort Worth Police Department received information indicating that Damoni Owens, wanted on an outstanding warrant, was at the Knights Inn motel in Fort Worth, Texas. After officers converged on the motel and detained Owens, they received consent from his girlfriend to search the couple's room. There police found a Glock 17 nine-millimeter pistol, which Owens admitted to possessing. A database check indicated that Owens had been previously convicted of felony offenses. Owens was charged with possession of a firearm as a felon, and eventually entered a guilty plea, preserving his right to appeal.

Before sentencing Owens, the district court ordered the U.S. Probation and Pretrial Service to prepare a pre-sentence report (PSR). The PSR filed with the district court in April 2015 and a Second Addendum filed in October 2015 recommended enhancement of Owens' sentence under the ACCA, based on Owens' prior convictions for aggravated assault with a deadly weapon and burglary.[1] The Probation Service clarified that Owens had two burglary convictions arising from separate acts committed on the same day, July 6, 2009. A 2009 indictment charged Owens with burglary of a habitation, describing that on July 6, 2009, Owens entered the habitation of Sheila Powers without her consent and there attempted or committed theft. Another indictment, also from 2009, charged Owens with burglary of a building, describing that on July 6, 2009, Owens entered a building without the

---

[1] The original PSR listed a 2011 burglary as the third predicate offense, however, this was later removed, and replaced with the second burglary conviction from July 2009. In the Addendum, the Probation Service included the additional burglary conviction, which had been "erroneously missing" from the original Report.

permission of its owner, V.G., and there attempted or committed theft.[2] The Government produced Owens' judicial confessions to the facts described in these indictments.

The PSR also summarized an offense report associated with the indictment for burglary of a habitation. According to this summary, on July 6, 2009, officers stopped Owens for traffic violations, and found stolen goods in his car. The goods belonged to an unnamed female employed at the police station, whose apartment had been recently broken into. When police inspected the woman's apartment at the Cobblestone Apartments complex, they observed that the door had been kicked in. Residents at the complex had observed a male fitting Owens' description (including a description of his tattoos) going door to door asking for a friend. When questioned, Owens told police that the stolen goods were already in the car when he borrowed it from a friend, whom Owens was unable to name. Owens claimed that he borrowed the car in order to meet another friend—whom he was also unable to name— at the Cobblestone Apartments complex.

Owens objected to the PSR's recommendation of ACCA enhancement, arguing that the two July 6, 2009 burglaries "did not occur on occasions different from one another," and could count only as one predicate offense for ACCA purposes. The Government disagreed, arguing that "state-court documents" established that Owens "was convicted of burglarizing a building owned by 'VG' and burglarizing SP's habitation . . . two burglaries on the same day . . . involving different places and different victims."

---

[2] Owens' initial brief claims that this indictment was never introduced before the sentencing court. However, the record indicates that the Government attached the indictment to an objection to the PSR filed with the district court on September 15, 2015.

No. 15-11045

During the sentencing hearing, Owens attempted to address the issue. The Government argues that his admissions are germane to our inquiry:

DEFENDANT:      .... I understand that you already made the decision based off of the armed career. I know I brought it to my attorney Michael's attention about the statute, and, you know, he recently explained to me somewhat that, you know, because they are basing it off of there being two victims, and from what my understanding was under the statute of 924(e) was that they had to have three prior convictions on separate occasions from one another.

COURT:      The separate occasions doesn't mean different days. It doesn't have to be on different days.

DEFENDANT:      I understand, Your Honor, and that's kind of what he explained to me. And I don't know if you have received my letter or not explaining to you what happened that day.

COURT:      I have.

DEFENDANT:      But pretty much in the letter I pretty much stated that, you know, I did commit the crimes. And the second one, under the burglary of the building, it really should have been a criminal trespass because I knew the building was empty, but I went through that particular building because of the people that was outside, and I honestly didn't want any confrontation with them to the point where it would

4

No. 15-11045

> have been anything physical as far as me or another person getting harmed, and I thought that's what it would have been. I ended up taking a plea agreement based off of the burglary of the habitation. I just wanted to get that on the record.

The district court overruled Owens' objection, imposed the ACCA enhancement, and sentenced Owens to 180 months with four years' supervised release. Owens appealed.

## II.

Owens challenges the district court's application of the ACCA on three grounds. First, he argues the Government failed to establish that his two predicate burglary convictions arose from separate criminal transactions. For this reason, the convictions cannot count as two predicate violent felonies for ACCA purposes. Second, he argues his Texas aggravated assault conviction cannot be a predicate for enhancement, because it does not qualify as a "violent felony" under the ACCA. Third, he argues that his Texas burglary convictions cannot be predicates for enhancement, because this offense does not qualify as a violent felony under the ACCA and this court's precedent.

We resolve this case on the first ground, and do not reach Owens' second and third arguments. We review the legal conclusions underlying the district court's application of the ACCA de novo.[3]

## A.

The ACCA mandates a minimum fifteen-year sentence where a defendant with three previous convictions for violent felonies or serious drug

---

[3] *United States v. Fuller*, 453 F.3d 274, 278 (5th Cir. 2006).

5

offenses is convicted of the unlawful possession of a firearm.[4] The Act defines a violent felony as "any crime punishable by imprisonment for a term exceeding one year . . . that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."[5] Past convictions must have been "committed on occasions different from one another" to qualify as predicates for an ACCA enhancement.[6] The Government bears the burden of establishing prior convictions by a preponderance of the evidence,[7] what is described as a *Barlow* burden.[8] Once the Government has proved the predicate convictions, the burden shifts to the defendant to disprove the basis of an enhancement, also by a preponderance of the evidence.[9]

The ACCA's enhancement provision sets a floor on the length of a sentence, without creating a separate offense.[10] For this reason, the "data necessary to determine the separateness" of predicate convictions can be determined by the sentencing court without a jury.[11] In the absence of a jury, however, the district court must limit the data it evaluates to avoid a collateral trial on the defendant's past criminal conduct.[12] In *Fuller v. United States*, we

---

[4] 18 U.S.C. § 924(e).

[5] *Id*. § 924(e)(2)(B).

[6] *Id*. § 924(e)(1).

[7] *United States v. Barlow*, 17 F.3d 85, 89 (5th Cir. 1994) (citing *Parke v. Raley*, 506 U.S. 20, 34–35 (1992)).

[8] *United States v. Taylor*, 263 F.App'x 402, 404 (5th Cir. 2008).

[9] *Barlow*, 17 F.3d at 89.

[10] *United States v. White*, 465 F.3d 250, 254 (5th Cir. 2006).

[11] *Id*. (quoting *United States v. Thompson*, 421 F.3d 278, 285 (4th Cir.2005)).

[12] *Shepard v. United States*, 544 U.S. 13, 23-26 (2005).

defined the boundaries of acceptable data in this context. There, the district court had enhanced defendant Fuller's sentence under the ACCA, predicated on, among others, two Texas burglary convictions.[13] Challenging the enhancement, Fuller argued that the record did not establish that his two burglary convictions arose from separate occasions.[14] We held that the district court was permitted to examine only "*Shepard*-approved materials," as defined in the Supreme Court's decision in *Shepard v. United States*:[15] the statutory definition of the offenses, the charging documents, written plea agreements, transcripts of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented.[16] In *Fuller*, the only *Shepard* documents before the sentencing court were indictments that could not exclude the possibility that Fuller's two burglary convictions arose from a single criminal transaction.[17] On this basis, the court could not determine as a matter of law that the burglaries occurred on separate occasions,[18] and so the ACCA enhancement was invalid.[19]

Further defining *Shepard* documents, we have held that the sentencing court cannot rely on a PSR's characterization of predicate offenses for enhancement purposes. In *United States v. Garza-Lopez*, after the defendant was convicted of illegal reentry,[20] a PSR filed with the court characterized one

---

[13] *Fuller,* 453 F.3d at 276.

[14] *Id.* at 278.

[15] *Id.* at 279 (citing *Shepard*, 544 U.S. at 16).

[16] *Id.*

[17] For example, the indictment could not rule out the possibility that one conviction arose from the same transaction under the law of parties. *Id.*

[18] *Id.*

[19] *Id.* at 279-80.

[20] 410 F.3d 268, 271 (5th Cir. 2005).

of the defendant's previous convictions as a drug-trafficking offense.[21] The district court relied upon the PSR's characterization when it applied a Guidelines enhancement for prior drug-trafficking convictions.[22] On appeal, we vacated the sentence,[23] holding that the district court erred: "a district court is not permitted to rely on a PSR's characterization of a defendant's prior offense for enhancement purposes."[24]

We have more recently held in *United States v. Mendoza-Sanchez* and *United States v. White* that, in addition to *Shepard* documents, the sentencing court may consider a defendants' admissions before the sentencing court when evaluating ACCA enhancement.[25]

## B.

Owens argues that the Government did not carry its *Barlow* burden on the basis of the *Shepard* documents before the district court, here the indictments and judicial confessions. He argues that the PSR's summary of an offense report and Owens' admissions in the sentencing court were out of bounds under *Fuller*. For these reasons, he argues we should find the enhancement invalid. The Government, on the other hand, argues that all of these sources are cognizable. Considering these data together, the district court could find that "Owens could not have entered into S.P.'s apartment at precisely the same time he entered V.G.'s building." Thus, the Government argues we should affirm the sentence.

---

[21] *Id.*

[22] *Id.*

[23] *Id.* at 276.

[24] *Id.* at 275.

[25] *United States v. Mendoza-Sanchez,* 456 F.3d 479, 483 (5th Cir.2006); *White,* 465 F.3d at 254.

No. 15-11045

The parties do not dispute that the district court properly considered the indictments and confessions associated with Owens' June 2009 burglary convictions. We agree with Owens, however, that these documents standing alone do not establish that his two burglary convictions arose from separate criminal transactions. The documents establish that Owens' two convictions arose from acts against different victims, Sheila Powers and V.G., but do not exclude the possibility that one criminal transaction simultaneously infringed two victims' interests. The Government insists the two indictments establish that Owens' convictions involved different structures—an apartment and a building—and that the underlying criminal acts could not have been concurrent. But these documents do not allow the court to understand how Sheila Powers' habitation related to V.G.'s building, nor how Owens' actions related to both. Our inquiry therefore turns on the two other sources: the PSR's summary of an offense report and Owens' admissions before the sentencing court.

The PSR's summary of the offense report entails a non-*Shepard* source within a non-*Shepard* document,[26] and therefore the district court erred in considering it. Moreover, a close look at its contents reveals that, even if it were cognizable, the summary does not provide useful information that would aid in carrying the *Barlow* burden. The summary never states that the female police employee was Sheila Powers, nor that the break-in described was the criminal transaction underlying Owens' conviction for burglary of a habitation. The summary does not even specify when the described break-in occurred, nor that Owens committed it. It remains conceivable that the apartment break-in

---

[26] *See Garza-Lopez*, 410 F.3d at 274 ("[A] district court is not permitted to rely on a PSR's characterization of a defendant's prior offenses for enhancement purposes."); *Shepard*, 544 U.S. at 16, 26 (holding that the sentencing court could not consider police reports in evaluating predicate convictions for ACCA enhancement).

occurred before July 6, 2009, and that it was perpetrated by another individual, such that it was a criminal transaction unrelated to Owens' July 2009 burglaries.

Owens' admissions before the district court similarly add insufficient information to aid in carrying the *Barlow* burden. Owens objects to reliance on these admissions as a legal matter, arguing that *Mendoza-Sanchez* and *White* were wrongly decided. We need not reach that issue, however, because his admissions are unhelpful to the enhancement inquiry in any event. In referring to "what happened that day"—July 6, 2009—Owens refers to two "crimes," agreeing that he committed both. But there is ambiguity as to whether "crimes" connotes the two convictions arising out of a single criminal transaction or two separate criminal transactions. Nothing in the admissions clarifies his meaning. The second of the crimes, "under the burglary of the building," involved passage through a building that Owens understood to be empty. But the place and even the identity of this building relative to the habitation he entered remains undefined. The admissions do not specify that these were separate structures, nor how Owens' entrances into them were temporally or spatially related. In short, Owens' testimony adds no value relative to the *Shepard* documents.

If the *Barlow* burden had already shifted to Owens, we would agree with the Government that Owens' ambiguous references to a second crime would not help his cause. But that is not the situation we face: the Government has proved only two—and not three—predicate violent felonies, and so the *Barlow* burden remains unmoved. An ACCA sentence enhancement cannot be applied on this basis. The proper remedy in this scenario is to vacate the entire sentence and remand for the district court to construct a new sentence.[27]

---

[27] *See United States v. Aguirre*, 926 F.2d 409, 410 (5th Cir. 1991).

No. 15-11045

### III.

We VACATE the sentence, and REMAND for resentencing.