# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 16, 2022

Lyle W. Cayce
Clerk

No. 21-60877

United States of America,

*Plaintiff—Appellee*,

*versus*

Darius D. Wright,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:19-CR-94-2

Before Jolly, Willett, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Darius D. Wright was arrested for being a felon in possession of a firearm after an officer discovered a shotgun in his car during a traffic stop. Wright filed a motion to suppress all evidence obtained during the traffic stop, arguing that the stop violated his Fourth Amendment rights. The district court denied that motion. Afterwards, Wright entered an

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

unconditional guilty plea, reserving no issues to raise on appeal. At sentencing, the district court found that Wright qualified as a "armed career criminal" within the meaning of the Armed Career Criminal Act (ACCA), meaning that Wright faced an imprisonment range of 15 years to life. The district court sentenced Wright to 204 months' imprisonment, which was 16 months above the Guidelines range.

On appeal, the parties raise three issues: (1) Whether the district court erred by denying Wright's motion to suppress; (2) Whether the district court erred in finding that Wright was a career offender under ACCA; and (3) Whether Wright's above-guidelines sentence was substantively unreasonable.

The first issue is, as Wright concedes, waived. Wright entered a voluntary and unconditional guilty plea, which waived "all nonjurisdictional defects in the prior proceedings." *United States v. Wise*, 179 F.3d 184, 186 (5th Cir. 1999) (citing *McMann v. Richardson*, 397 U.S. 759, 766 (1970) and *Busby v. Holman*, 356 F.2d 75, 77 & n.3 (5th Cir. 1966)).

As for the second issue, the parties focus on whether the district court properly concluded that Wright had three or more convictions that occurred on "occasions different from one another," as required by ACCA. 18 U.S.C. § 924(e)(1). Wright says he didn't because his two prior burglary convictions occurred on the same day, and that the PSR's statement that the second burglary occurred four days later is impossible because he was already in jail on that date. Because the burglaries were committed on the same night with the same co-defendant, and because the two properties were only .7 miles apart, Wright argues that the burglaries were not committed on different occasions, citing the Court's recent decision in *Wooden v. United States*, 142 S. Ct. 1063 (2022). The Government responds that even if Wright is correct that the PSR contains a "scrivener's error" and the burglaries occurred on

No. 21-60877

the same day, the offenses still qualified as "separate occasions" as defined by *Wooden*.

Both parties overlook a more fundamental issue: The district court relied on the PSR—and only the PSR—to find that Wright had the three requisite convictions. The Supreme Court held in *Shepard v. United States*, 142 S. Ct. 1063 (2022), that district courts applying ACCA may only rely on "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *United States v. Fuller*, 453 F.3d 274, 279 (5th Cir. 2006), *abrogated on other grounds by Wooden*, 142 S. Ct. 1063; *see also United States v. Young*, 809 F. App'x 203, 210 (5th Cir. 2020) (per curiam) (same). "Thus, under *Shepard*, a district court is not permitted to rely on the PSR's characterization of a defendant's prior offense for enhancement purposes." *United States v. Garza-Lopez*, 410 F.3d 268, 274 (5th Cir. 2005). We have examined the record, and nothing in the charging document nor the plea colloquy speak to this issue. Because no *Shepard*-approved documents are conclusive as to whether the predicate ACCA offenses occurred on separate occasions, Wilson's sentence must be vacated. *See Fuller*, 453 F.3d at 279–80 (vacating the defendant's conviction because the *Shepard*-approved materials were inconclusive); *Young*, 809 F. App'x at 210, 213 (same).[1]

\* \* \*

Wright's conviction is AFFIRMED. We VACATE the sentence and REMAND for resentencing.

---

[1] Because we hold that the Government failed to proffer cognizable evidence proving that Wilson's prior convictions occurred on separate occasions, we need not reach the issue of whether the above-guidelines sentence was substantively unreasonable.