# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 21, 2022

Lyle W. Cayce
Clerk

No. 20-11264

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

HENRY JOSEPH STEVENS,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:20-CR-24-1

---

Before JONES, SMITH, and GRAVES, *Circuit Judges*.

PER CURIAM:[*]

Henry Joseph Stevens appeals the 15-year sentence he received after pleading guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).[1] Stevens argues that the district court plainly erred by concluding that his prior convictions qualified

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

[1] Section 924(a)(2) has since been amended and recodified at § 924(a)(8).

No. 20-11264

him for an enhanced sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e).  We affirm.

For the first time on appeal, Stevens argues that he should not have received the enhanced sentence because the Government failed to show that he had three qualifying prior convictions.  We review this unpreserved argument under the plain-error standard.  *See Puckett v. United States*, 556 U.S. 129, 135, 129 S. Ct. 1423, 1429 (2009).  If Stevens shows an error that is clear or obvious and affects his substantial rights, then this court may exercise its discretion to correct the error, but only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *Id.* (internal quotation and brackets omitted).  The "burden of establishing entitlement to relief for plain error" is on the party claiming it.  *United States v. Dominguez Benitez*, 542 U.S. 74, 82, 124 S. Ct. 2333, 2340 (2004).

The ACCA's enhanced penalties apply to a defendant who has three previous convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another."  18 U.S.C. § 924(e)(1).  In *Wooden v. United States*, the Supreme Court stated that offenses "committed close in time, in an uninterrupted course of conduct, will often count as part of one occasion; not so for offenses separated by substantial gaps in time or significant intervening events."  142 S. Ct. 1063, 1071 (2022).  The Court endorsed a multi-factor inquiry over the timing-focused approach formerly applied by some lower courts, including the Fifth Circuit.  *Id.* at 1068 (citing *United States v. Fuller*, 453 F.3d 274, 278–79 (5th Cir. 2006)).  Still, the Court recognized that offenses committed "a day or more apart, or at a significant distance" are rightly treated "as occurring on separate occasions."  *Id.* at 1071 (internal quotation omitted).  When making this

No. 20-11264

determination, a court may examine only "*Shepard*[2]-approved" material, comprising "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Fuller*, 453 F.3d at 279 (internal quotation omitted), *abrogated on other grounds by Wooden*, 142 S. Ct. at 1068 n.1.

In Stevens's presentence report (PSR), the probation officer applied the ACCA's enhanced penalties due to Stevens's three prior Texas convictions for aggravated robbery with a deadly weapon, which occurred on February 18, 2009; March 10, 2009; and March 11, 2009. The PSR included *Shepard*-approved documents supporting the convictions. Stevens argues that in light of *Wooden*, the government failed to carry its burden of establishing that the March 10 and March 11 robberies occurred on separate occasions because they could have occurred only minutes apart on either side of midnight.[3]

But we need not decide whether the district court erred, much less clearly or obviously erred, because Stevens has not shown that any alleged error affected his substantial rights. To satisfy the "substantial-rights" prong, Stevens must demonstrate "a reasonable probability that, but for the district court's [error], he would have received a lesser sentence." *United States v. Martinez-Rodriguez*, 821 F.3d 659, 663–64 (5th Cir. 2016) (internal quotation omitted). Here, *Shepard*-approved documents show that Stevens also had a 1995 California felony conviction for inflicting corporal injury on a

---

[2] *Shepard v. United States*, 544 U.S. 13, 125 S. Ct. 1254 (2005).

[3] Stevens briefly posits that his February 18th and March 10th robberies may have been part of a common occasion, as they were both of the same victim and in the same county. But even under *Wooden*, the lengthy gap between those offenses shows that they occurred on separate occasions. *See Wooden*, 142 S. Ct. at 1071.

No. 20-11264

spouse, which qualifies for ACCA enhancement purposes. *See United States v. Cruz-Rodriguez*, 625 F.3d 274, 276 (5th Cir. 2010); *see also United States v. Moore*, 635 F.3d 774, 776 (5th Cir. 2011). Thus, even if the two March 2009 robberies constitute only one qualifying conviction under the ACCA, the February 2009 robbery and the California conviction make up the other two needed to justify the 15-year sentence. Accordingly, Stevens has not shown reversible plain error.[4]

For the foregoing reasons, the district court's judgment is AFFIRMED.

---

[4] Stevens also contends that the district court committed reversible plain error by finding that his prior aggravated robbery convictions qualified as violent felonies under the ACCA because the Texas offense of aggravated robbery may be committed by recklessly inflicting injury. The supporting documents show that his prior aggravated robbery convictions qualified as violent felonies. *See United States v. Garrett*, 24 F.4th 485, 489, 491 (5th Cir. 2022). He correctly concedes that this argument is foreclosed by *Garrett*, and he raises it solely to preserve it for potential further review.