# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 23, 2008

Charles R. Fulbruge III
Clerk

No. 06-11373

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

DONOVAN LEMONT BOOKMAN

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:05-CR-15-ALL

Before KING, BARKSDALE, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Defendant Donovan Bookman challenges his sentence on the grounds that the district court improperly applied the Armed Career Criminal Act and that the Armed Career Criminal Act is unconstitutional. We find both arguments unavailing and AFFIRM the district court.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. Factual and Procedural History

Pursuant to a written plea agreement, Defendant Donovan Lemont Bookman ("Defendant") pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). The presentencing report ("PSR") determined that Bookman was an armed career criminal within the meaning of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4(a), because he had four prior violent-felony convictions, i.e., four prior convictions for burglary of a habitation. Thus, the PSR assigned him a base offense level of 33. After considering Bookman's acceptance of responsibility and criminal history, the PSR recommended an advisory guidelines range of 180 to 210 months of imprisonment.

At his sentencing hearing, Bookman objected to the ACCA sentence enhancement, arguing that the four burglary-of-a-habitation convictions should be considered related cases because the burglaries took place within 26 days of each other, in close geographic proximity, and as part of a common scheme or plan. As further support for this argument, Bookman noted that his convictions occurred on the same date, were consolidated for sentencing, and resulted in identical, concurrent sentences. Bookman further objected to the enhancement on the ground that the Government had not presented adequate proof that the convictions were separate from each other within the meaning of the ACCA and that the Government was required to prove the issue of the timing of the offenses to a jury beyond a reasonable doubt. Finally, he asserted that his prior convictions are not mere sentencing factors but elements of the offense which had to be pleaded and proved beyond a reasonable doubt.

The district court overruled Bookman's objections, specifically finding, based on a preponderance of the evidence as established in the PSR, that the prior burglary convictions were not related but constituted separate offenses under the ACCA. The court concluded that the ACCA enhancement was

appropriate and that Bookman faced an advisory guidelines range of 180 to 210 months; it sentenced him to 180 months.

Bookman appealed to this court, arguing that the ACCA enhancement was erroneous because the Government had not shown that his prior burglary convictions occurred on different occasions with appropriate Shepard-approved documents; he also argued that he had a Sixth Amendment right to a jury trial on both the fact of his prior convictions and whether they occurred on separate occasions. The Government conceded error under Shepard, and this court, concluding that the record did not establish that the sequence of Bookman's prior convictions had been proved through appropriate documents, found the ACCA enhancement to be in error, vacated the district court's judgment, and remanded for resentencing without addressing Bookman's constitutional claims.

On remand, the district court ordered the Government to provide the appropriate documentation to supplement the PSR, and the Government submitted the state-court pleadings, including the indictments and judgments, in each of Bookman's prior burglary convictions. These documents show that the burglaries were committed on different dates and involved different victims.

Based on this information, a second addendum to the PSR that included the state-court indictments and judgments recommended the same sentence formerly imposed. At the resentencing hearing, Bookman again objected to the ACCA enhancement, arguing that the documents provided by the Government did not sufficiently establish that his prior burglaries had been committed on different dates because the indictments alleged only that the offenses occurred "on or about" certain dates, not on any specific dates. Bookman also renewed his argument that the Government was required to plead and prove the fact of his prior convictions and the fact that they occurred on separate occasions beyond a reasonable doubt before the ACCA enhancement could apply, but he conceded that these arguments were foreclosed.

The district court again overruled each of Bookman's objections, specifically determining that a reasonable reading of the indictments established that the burglaries were committed on different, specific dates. The district court noted that, apart from his objection to the "on or about" language in the indictments, Bookman did not disagree with the dates indicated. Thus, the district court adopted the findings and conclusions of the PSR and sentenced Bookman to 180 months of imprisonment. Bookman timely appealed.

## II. ACCA Enhancement

### A. Standard of Review

Legal conclusions underlying a district court's application of the Armed Career Criminal Act are reviewed de novo. United States v. Stone, 306 F.3d 241, 243 (5th Cir. 2002). The district court's factual findings will be upheld unless they are clearly erroneous. United States v. Barlow, 17 F.3d 85, 89 (5th Cir. 1994).

### B. Discussion

On appeal, Bookman challenges his sentence enhancement under the ACCA, alleging that the district court violated Shepard v. United States, 544 U.S. 13, 24-26 (2005), and United States v. Fuller, 453 F.3d 274, 278 (5th Cir. 2006), by applying the ACCA enhancement to his sentence. Specifically, Defendant asserts that nothing in the Shepard-approved documents, the only documents that the district court may consult in applying the ACCA, supported the district court's conclusion that the offenses occurred on different occasions.

The ACCA subjects a defendant convicted under 18 U.S.C. § 922(g) to a minimum sentence of 15 years if he has three prior convictions for "a violent felony or a serious drug offense, or both, committed on occasions different from

one another." 18 U.S.C. § 924(e)(1). To establish that an ACCA enhancement is proper, the Government bears the initial burden of establishing the defendant's prior convictions. See Barlow, 17 F.3d at 89. However, "[o]nce the Government establishes the fact of a prior conviction based upon a guilty plea, the defendant must prove the invalidity of the conviction by a preponderance of the evidence."[1] Id. Ultimately, the district court must determine whether the ACCA applies and in doing so is generally limited to consulting the following sources: 1) the statutory definition, 2) the charging document, 3) the written plea agreement, transcript of the plea colloquy, or prior-offense judgment, and 4) any explicit finding by the trial court to which the defendant assented. See Fuller, 453 F.3d at 279 (citing Shepard, 44 U.S. at 16, 24-26).

According to these procedures, the district court's imposition of the ACCA enhancement was proper in Bookman's case. The Government met its initial burden by providing reliable evidence of past convictions. Defendant then bore the burden of proving that the convictions did not support an ACCA enhancement. Defendant argued that the ACCA enhancement was improper because ambiguity might exist regarding the date of the offenses, but Defendant failed to introduce any evidence, much less a preponderance, that his offenses

---

[1] This approach accords with other circuits' applications of the ACCA burden of proof. While all circuits to address the issue note that the Government carries an initial burden, they also place the onus on defendants to prove that prior offenses are not separate. See United States v. Phillips, 149 F.3d 1026, 1033 (9th Cir. 1998), cert. denied, Phillips v. United States, 526 U.S. 1052 (1999) ("The Government carried its burden of proving by a preponderance of the evidence that Phillips committed three predicate offenses 'on occasions different from one another.' It did so by submitting unchallenged, certified records of conviction and other clearly reliable evidence. . . . The burden then shifted to Phillips to challenge the Government's evidence.") (internal citations omitted); United States v. Cowart, 90 F.3d 154, 159 (6th Cir. 1996) (holding that once the Government has shown that defendant has prior convictions, the burden shifts to the defendant to demonstrate that the predicate crimes were committed as part of a single common scheme or plan); United States v. Hudspeth, 42 F.3d 1015, 1019 n.6 (7th Cir. 1994) (holding that a certified record of conviction satisfies the Government's burden and the defendant must then establish that the prior convictions occurred on one occasion); United States v. Redding, 16 F.3d 298, 302 (8th Cir. 1994) (same); United States v. Ruo, 943 F.2d 1274, 1276 (11th Cir. 1991) (same).

occurred simultaneously. Defendant's only arguments attempted to introduce uncertainty as to the date of the offenses because the indictments say "on or about." Thus, Defendant could not meet his Barlow burden and demonstrate by a preponderance of the evidence that his prior convictions are invalid for consideration under the ACCA. Based on the evidence presented, the district court consulted only Shepard-approved sources, concluded from the indictments and state court judgments that Defendant's offenses occurred on different occasions, and applied the ACCA enhancement. Given Defendant's failure to offer evidence to the contrary, the district court's findings were proper. This holding is consistent with our decision in Fuller, though the Fuller court never addressed the Barlow standard. Fuller, who had been convicted of two burglaries taking place on the same day, introduced evidence that "he and a friend entered two different buildings (or trailers) simultaneously," Fuller, 453 F.3d at 278, and based on this evidence as well as the possibility of accomplice liability, the Fuller court concluded that "we cannot determine as a matter of law that the burglaries occurred on different occasions." Id. at 279. Thus, the Fuller court implicitly found that Fuller had carried his burden of proof by supplying some evidence that his offenses did not occur on different occasions.

Unlike in Fuller, Defendant here provides no evidence that his burglaries occurred simultaneously; Defendant merely attempts to introduce ambiguity. Thus, while Fuller succeeded in carrying his burden of proof under Barlow, Defendant fails to meet his burden, and the district court's ACCA enhancement was proper.

## III. Constitutionality of the ACCA

Conceding that the issue is foreclosed but raising it to preserve his claim for further review, Bookman also contends that the Government was required to plead and prove beyond a reasonable doubt both the fact of his prior

6

convictions and the fact that they occurred on occasions separate from one another before the ACCA enhancement could be applied. As Defendant concedes, both arguments are foreclosed. See Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998) (holding that the fact of a prior conviction is a sentencing factor, not a separate offense that must be alleged in the indictment); see also United States v. White, 465 F.3d 250, 254 (5th Cir. 2006), cert. denied, 127 S. Ct. 1167 (2007) (finding no Sixth Amendment right to a jury finding on the existence of prior convictions or on the issue of their separateness).

## IV. Conclusion

For the reasons stated above, we AFFIRM Bookman's sentence.