**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 14, 2011

Lyle W. Cayce
Clerk

No. 10-10836
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTHONY MARTIN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:09-CR-35-1

Before WIENER, GARZA,  and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Anthony Martin appeals the 327-month sentence imposed following his guilty plea conviction of being a convicted felon in possession of a firearm under 18 U.S.C. § 922(g).  Martin claims the district court erred in sentencing him as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).  He contends that the government did not submit any evidence establishing that his three predicate offenses occurred on occasions different from one another and that the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court did not make any finding regarding same. Martin alternatively contends that the "different occasions" factor is an element of the offense that must be admitted by the defendant or proven beyond a reasonable doubt. Similarly, he argues that his ACCA sentence violates the Fifth and Sixth Amendments of the Constitution because the facts establishing that he had three prior convictions for offenses committed on different occasions were not alleged in the indictment, proven beyond a reasonable doubt to a jury, or admitted by him. In his final point of error, Martin asserts that the district court erred by enhancing his sentence for use or possession of a firearm in connection with a crime of violence.

As Martin's claims concerning the district court's application of the ACCA were not presented in district court, our standard of review is for plain error. *See, e.g., United States v. Henao-Melo*, 591 F.3d 798, 801 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 2392 (2010); *cf. United States v. Neal*, 578 F.3d 270, 272-73 (5th Cir. 2009) ("To preserve error, an objection must be sufficiently specific to alert the district court to the nature of the alleged error and to provide an opportunity for correction."). To establish reversible plain error, Martin must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 129 S. Ct. 1423, 1429 (2009); *Henao-Melo*, 591 F.3d at 801. Even if such error is established, we still have discretion whether or not to correct it, and we generally will do so only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See Henao-Melo*, 591 F.3d at 802.

Under § 924(e)(1), a defendant convicted of being a felon in possession of a firearm is subject to a minimum sentence of 15 years if he has three prior convictions for "a violent felony or a serious drug offense, or both, committed on occasions different from one another." Martin's sentence was enhanced based on his four prior Texas convictions for delivery of a controlled substance. The government established that those convictions were for serious drug offenses which occurred on separate occasions by providing the indictment, judgments,

and judicial confessions for each offense. *See United States v. Fuller*, 453 F.3d 274, 279 (5th Cir. 2006); *United States v. Barlow*, 17 F.3d 85, 89 (5th Cir. 1994). "Once the Government establishes the fact of a prior conviction based on a guilty plea, the defendant must prove the invalidity of the conviction by a preponderance of the evidence." *Barlow*, 17 F.3d at 89.

Martin did not meet this burden. He neither denied that his prior drug offenses occurred on different occasions nor introduced any evidence, much less a preponderance, that his offenses occurred simultaneously. Neither did Martin dispute (1) the existence of his four convictions for delivery of a controlled substance, (2) that these prior convictions were serious drug offenses, nor (3) that his guilty pleas in the prior convictions were entered with adequate procedural safeguards. The district court had ample bases to determine that Martin's drug offenses occurred on four different occasions and were separate. *See United States v. White*, 465 F.3d 250, 254 (5th Cir. 2006). Therefore, the district court did not err when it applied the ACCA enhancement.

As Martin cites no authority for the proposition that the district court must make an explicit finding on the record that his prior convictions were for offenses committed on occasions different from one another, we need not and therefore have not addressed that proposition. Moreover, contrary to his argument that the district court relied solely on the presentence report's characterization of his prior convictions, the district court had before it *Shepard-*approved documents about the prior drug convictions, including the indictment, judgments, and judicial confessions. *See Shepard v. United States*, 544 U.S. 13, 26 (2005). As no precedential case requires the district court explicitly to show or state that it reviewed the relevant documents, Martin has not shown any error, much less one that is clear or obvious. *See Puckett,* 129 S. Ct. at 1429.

Martin also insists that the act of being a career offender is a separate offense, that the "different occasions" factor is an element of the offense, and that his enhanced sentence under the ACCA is unconstitutional because the facts

establishing that he had three prior convictions for offenses committed on different occasions were not alleged in the indictment, proven beyond a reasonable doubt to a jury, or admitted by him. These contentions are foreclosed. *See Apprendi v. New Jersey*, 530 U.S. 466 (2000); *United States v. Almendarez-Torres*, 523 U.S. 224, 235 (1998); *White*, 465 F.3d at 254; *United States v. Guevara*, 408 F.3d 252, 261 (5th Cir. 2005); *United States v. Stone*, 306 F.3d 241, 243 (5th Cir. 2002).

Finally, Martin challenges the district court's determination that he used or possessed a firearm in connection with a "crime of violence," which resulted in his being assessed an offense level of 34 under U.S.S.G. § 4B1.4(b)(3)(A). He argues that the Texas offense of kidnaping is not a "crime of violence" and that there was no clear connection between the firearm allegedly used in the kidnaping and the firearm that formed the basis for his conviction in this case. The government correctly counters that Martin validly waived his right to appeal his conviction and sentence, and this issue does not fall within the waiver's exceptions. *See United States v. Bond*, 414 F.3d 542, 544 & n.3 (5th Cir. 2005).

AFFIRMED.