# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 15, 2024

Lyle W. Cayce
Clerk

---

No. 23-50040

---

United States of America,

*Plaintiff—Appellee*,

*versus*

Richard Schorovsky,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:22-CR-173-1

---

Before Elrod, Willett, and Duncan, *Circuit Judges*.

Don R. Willett*, Circuit Judge*:

In 2022, Richard Schorovsky pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He had previously been convicted in Texas of felony robbery, aggravated robbery, and burglary of a habitation. The district court found that these prior convictions were "violent felon[ies] . . . committed on occasions different from one another" and thus qualified Schorovsky for sentence enhancement

No. 23-50040

under the Armed Career Criminal Act (ACCA).[1] The district court sentenced Schorovsky to the ACCA's mandatory minimum of 15 years of imprisonment and five years of supervised release.[2] Schorovsky appealed, raising four challenges to his enhanced sentence and one challenge to his guilty plea. We AFFIRM.

I

Schorovsky first argues that no *Shepard*-approved documents proved that his robbery and aggravated robbery offenses were "committed on occasions different from one another," as required by § 924(e). To determine whether offenses were "committed on occasions different from one another," a court may examine only *Shepard*-approved material: "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented."[3] "Offenses committed close in time, in an uninterrupted course of conduct, will often count as part of one occasion; not so for offenses separated by substantial gaps in time or significant intervening events."[4] Offenses committed "a day or more apart" are rightly treated "as occurring on separate occasions."[5]

Schorovsky did not argue below that the district court relied on non-*Shepard*-approved documents to determine that his offenses were committed on different occasions—rather, he objected only that the ACCA should not apply because his prior convictions constituted a single criminal episode.

---

[1] *See* 18 U.S.C. § 924(e)(1).

[2] *Id.*

[3] *Shepard v. United States*, 544 U.S. 13, 16 (2005).

[4] *Wooden v. United States*, 595 U.S. 360, 369 (2022).

[5] *Id.* at 370.

2

Accordingly, we review the former argument for plain error and the latter de novo.[6] Under plain-error review, Schorovsky must establish (1) an error (2) that is "clear or obvious" and that (3) affected his "substantial rights."[7] If he makes this showing, then we have discretion to remedy the error—discretion we should exercise only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."[8]

Even if the district court erred in relying on the presentence investigation report (PSR),[9] the error did not affect Schorovsky's substantial rights because "*Shepard*-approved documents are conclusive as to whether the predicate ACCA offenses occurred on separate occasions."[10] The Government provided the district court with *Shepard*-approved documents: the indictments and judgments for Schorovsky's prior convictions. Schorovsky did not object.

Schorovsky now argues that (1) his prior indictments cannot be used to prove the dates of his prior offense conduct because Texas law does not require an indictment to allege a specific date, and (2) the dates listed in the judgments are not factual findings for purposes of the ACCA.[11] However,

---

[6] *See United States v. Alkheqani*, 78 F.4th 707, 723 (5th Cir. 2023).

[7] *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

[8] *Id.* (alteration in original) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

[9] *See United States v. Garza-Lopez*, 410 F.3d 268, 274 (5th Cir. 2005) ("[A] district court is not permitted to rely on a PSR's characterization of a defendant's prior offense for enhancement purposes.")

[10] *See Alkheqani*, 78 F.4th at 726 (quoting *United States v. Wright*, No. 21-60877, 2022 WL 3369131, at *1 (5th Cir. Aug. 16, 2022) (per curiam)).

[11] Schorovsky cites *Sledge v. State*, 953 S.W.2d 253 (Tex. Crim. App. 1997), and *United States v. Solano-Hernandez*, 761 F. App'x 276 (5th Cir. 2019). *See Sledge*, 953 S.W.2d at 255 (stating that "the State need not allege a specific date in an indictment"); *Solano-Hernandez*, 761 F. App'x at 281–82 (holding that the district court clearly and obviously

our precedent makes clear that judgments and indictments are *Shepard*-approved documents that can be used to determine that Texas offenses occurred on different dates and thus on separate occasions.[12] Even if the cases Schorovsky cites cast doubt on the use of indictments and judgments under some circumstances, as Schorovsky argues, it is not "clear or obvious" that the district court erred in relying on them here.

Because Schorovsky's prior indictments and judgments indicate that the offenses were committed two days apart,[13] the district court properly treated them as occurring on different occasions.[14] Accordingly, the district court did not plainly err under *Shepard* and properly treated Schorovsky's prior convictions as ACCA predicates.

## II

Schorovsky next argues that the district court violated *Apprendi v. New Jersey* by finding that his prior convictions occurred on different occasions

---

erred in relying on the "Statement of Reasons" in the judgment "to narrow the statute of conviction"); *see also United States v. Fuller*, 453 F.3d 274, 279–80 (5th Cir. 2006) (holding that the indictments could not establish that the burglaries occurred on different occasions because the indictments need not identify whether the defendant aided and abetted or committed the robbery himself), *abrogated on other grounds by Wooden*, 595 U.S. 360.

[12] *See, e.g.*, *Alkheqani*, 78 F.4th at 727 (stating approvingly that the indictments listed the dates of the offenses); *United States v. Bookman*, 263 F. App'x 398, 399–400 (5th Cir. 2008) (per curiam) (stating that the indictments and judgments "show that the burglaries were committed on different dates"); *see also United States v. White*, 465 F.3d 250, 254 (5th Cir. 2006) (noting that the indictments and judgments were among the "ample bases [in that case] to determine that White's drug offenses were separate"); *United States v. Martin*, 447 F. App'x 546, 548 (5th Cir. 2011) (per curiam) (same).

[13] His aggravated robbery occurred on January 26, 2012, and his robbery occurred on January 28, 2012.

[14] *See Wooden*, 595 U.S. at 370.

for the ACCA enhancement.[15] He argues that the jury should have found that fact beyond a reasonable doubt. Because Schorovsky did not raise an *Apprendi* objection below, we review for plain error.[16]

Supreme Court and circuit precedent squarely foreclose Schorovsky's argument. In *Apprendi*, the Supreme Court said, "*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."[17] Consistent with *Apprendi*, we have held that "'because [Section] 924(e)(1) does not create a separate offense but is merely a sentence enhancement provision,' neither the statute nor the Constitution requires a jury finding on the existence of the three previous felony convictions required for the enhancement."[18] The Supreme Court's 2002 decision in *Wooden v. United States* does not demand a contrary result.[19] Accordingly, the district court did not err under *Apprendi* by finding that Schorovsky's prior convictions were committed on different occasions.

## III

Schorovsky next argues that his burglary-of-a-habitation conviction cannot be an ACCA predicate because the relevant statute, Texas Penal Code § 30.02(a), covers "buildings" that are not used for habitation and is

---

[15] *See* 530 U.S. 466, 490 (2000).

[16] *See United States v. Davis*, 487 F.3d 282, 287–88 (5th Cir. 2007).

[17] 530 U.S. at 490 (emphasis added).

[18] *See United States v. Stone*, 306 F.3d 241, 243 (5th Cir. 2002) (alteration in original) (quoting *United States v. Affleck*, 861 F.2d 97, 98–99 (5th Cir. 1988)); *see also White*, 465 F.3d at 254 (rejecting *Apprendi* argument); *Davis*, 487 F.3d at 287–88 (same); *United States v. Hageon*, 418 F. App'x 295, 299 (5th Cir. 2011) (same).

[19] *See United States v. Valencia*, 66 F.4th 1032, 1032–33 (5th Cir. 2023) (per curiam) (discussing *Wooden*, 595 U.S. 360).

thus broader than "generic" burglary in the ACCA. Because Schorovsky objected below, our review is de novo.[20]

Binding circuit precedent forecloses this argument. Burglary is an enumerated "violent felony" under the ACCA.[21] We previously held *en banc* that Penal Code § 30.02(a) fits within the generic definition of burglary and thus qualifies as an ACCA violent felony.[22] Since that decision in *Herrold II*, we have reiterated that "§ 30.02(a) constitutes generic burglary in its entirety, and thus *any* § 30.02(a) conviction qualifies as a predicate under the ACCA."[23] Accordingly, the district court properly classified Schorovsky's burglary-of-a-habitation conviction as an ACCA predicate.

IV

Schorovsky also argues that the district court violated his due process right to notice by finding that his burglary conviction was an ACCA violent felony. He explains that "burglary of a dwelling" is no longer considered a violent crime under the Sentencing Guidelines' career offender enhancement and that this disparity with the ACCA makes him wonder "whether or not burglary should now be considered a violent crime."

---

[20] *See Fuller*, 453 F.3d at 278; *Alkheqani*, 78 F.4th at 723.

[21] 18 U.S.C. § 924(e)(2)(B)(ii).

[22] *United States v. Herrold* (*Herrold II*), 941 F.3d 173, 182 (5th Cir. 2019) (en banc).

[23] *United States v. Clark*, 49 F.4th 889, 892 (5th Cir. 2022) (per curiam) (emphasis added); *see also United States v. Wallace*, 964 F.3d 386, 389 (5th Cir. 2020) ("[W]e disagree with Wallace's assertion that our holding in *Herrold II* is confined to Herrold's failure to provide supportive Texas cases."); *United States v. Walton*, 804 F. App'x 281, 282 (5th Cir. 2020) (per curiam) ("[C]hallenges to the Texas burglary statute as being nongeneric for purposes of the ACCA enhancement are foreclosed.").

No. 23-50040

Because Schorovsky raises this argument for the first time on appeal, we review for plain error.[24]

This argument likewise fails. As the Government notes, the ACCA "unambiguously gives the public notice that a prior burglary conviction may be used for the purpose [of] enhancing a criminal actor's penalty range to ACCA's 15-year mandatory minimum sentence, even though the § 4B1.2 definition of a crime of violence excludes that offense." In *Herrold II*, we held *en banc* that burglary of a habitation categorically fits within the definition of burglary under the ACCA.[25] Moreover, the Guidelines themselves "do not implicate" Schorovsky's due process right to notice.[26] "All of the notice required is provided by the applicable statutory range, which establishes the permissible bounds of the court's sentencing discretion."[27] Schorovsky points to no case law—because there is none—to show that the Guidelines' definition of "crime of violence" overrides the ACCA's definition of "violent felony" or that the ACCA is unconstitutionally vague. "We ordinarily do not find plain error when we 'have not previously addressed' an issue."[28] Accordingly, the district court did not, plainly or otherwise, violate Schorovsky's due process rights by characterizing burglary as a

---

[24] *See Puckett*, 556 U.S. at 135.

[25] *See Herrold II*, 941 F.3d at 176–77.

[26] *See Beckles v. United States*, 580 U.S. 256, 265 (2017); *see also United States v. Osorio*, 734 F. App'x 922, 924 (5th Cir. 2018) (per curiam) (same).

[27] *Beckles*, 580 U.S. at 266.

[28] *See United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009) (quoting *United States v. Lomas*, 304 F. App'x 300, 301 (5th Cir. 2008) (per curiam)).

violent felony and sentencing him to the ACCA's 15-year mandatory minimum.

## V

Finally, Schorovsky argues that his guilty plea was not knowing and voluntary because the magistrate judge advised him during the plea colloquy that his maximum sentence was 15 years (when the ACCA's mandatory maximum is life in prison), that his minimum sentence was 0 years (when the ACCA's mandatory minimum is 15 years), and that the maximum term of supervised release was 3 years (when it is 5 years).

Schorovsky says that he preserved this Rule 11 claim by making it "abundantly clear [before the district court] that he felt like he'd been blindsided by being characterized as an armed career criminal."[29] However, his objection was not "sufficiently specific to alert the district court to the nature of the alleged [Rule 11] error and to provide an opportunity for correction."[30] Even liberally construing his objection, he did not object to his plea or to the district court's alleged miscommunication about the proper sentencing range—he objected only to "getting enhanced on something that's not even nowhere in the sentencing guideline or the ACC Act." Accordingly, we review for plain error.[31]

The district court undeniably erred when it advised Schorovsky of the incorrect minimum and maximum terms of imprisonment that could result from his plea.[32] In *United States v. Rodriquez*, the Supreme Court observed,

---

[29] *See* Fed R. Crim. P. 11(c)(1)(H)–(I).

[30] *See United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009).

[31] See *United States v. Vonn*, 535 U.S. 55, 58–59 (2002).

[32] *See* Fed R. Crim. P. 11(b)(1)(H)–(I).

No. 23-50040

"If the judge told the defendant that the maximum possible sentence was 10 years and then imposed a sentence of 15 years based on ACCA, the defendant would have been sorely misled and would have a ground for moving to withdraw the plea."[33] Accordingly, "we have no difficulty concluding that the error was 'clear or obvious.'"[34]

Even so, the district court's error did not affect Schorovsky's substantial rights and thus fails to satisfy the third prong of plain-error review.[35] Schorovsky fails to meet his burden of showing "a reasonable probability that, but for the error, he would not have entered the plea."[36] "Though the district court failed to inform [Schorovsky] of the punishment range for the charged crime, the presentence report specifically detailed the punishment range" applicable in light of the enhancement.[37] At sentencing, Schorovsky confirmed that he had reviewed the PSR. Despite learning of the ACCA statutory sentencing range in his PSR, Schorovsky did not object or seek to withdraw his plea.[38] Under these circumstances, Schorovsky was "aware of and understood" that his ACCA enhancement carried a statutory

---

[33] 553 U.S. 377, 384 (2008).

[34] *See United States v. Wallace*, 551 F. App'x 193, 196 (5th Cir. 2014) (per curiam) (quoting *Puckett*, 556 U.S. at 135).

[35] *See id.* (concluding that the Rule 11 error was "clear or obvious" under *Rodriquez* before proceeding to the "substantial rights" plain-error prong).

[36] *See United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

[37] *See United States v. Vasquez-Bernal*, 197 F.3d 169, 171 (5th Cir. 1999) (per curiam) (discussing similar facts and holding that the Rule 11 error did not affect substantial rights).

[38] *See United States v. Herndon*, 7 F.3d 55, 57 (5th Cir. 1993) (per curiam) (considering whether the PSR and sentencing hearing provided "any basis upon which [the court] could reasonably conclude that the defendant was 'aware of and understood' that there was a [certain] minimum statutory sentence").

No. 23-50040

minimum sentence of 15 years, a statutory maximum of life, and a maximum term of supervised release of five years.[39]

And, critically, Schorovsky does not allege, let alone prove, that he would not have pleaded guilty had he been informed during his plea colloquy of the proper statutory sentencing range.[40] He merely "requests that he be returned to the pre-plea status so he can decide whether or not to take his case to trial."[41] Thus, the district court did not plainly err.

\*     \*     \*

Accordingly, we AFFIRM Schorovsky's guilty plea and sentence.

---

[39] *See id.*

[40] *See Dominguez Benitez*, 542 U.S. at 83.

[41] *See Vasquez-Bernal*, 197 F.3d at 171.