# United States Court of Appeals
# for the Fifth Circuit

———————

No. 23-11041
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
July 1, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Rodney Gibson,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:22-CR-213-8

———————————————————————

Before Higginbotham, Stewart, and Southwick, *Circuit Judges*.

Per Curiam:[*]

Rodney Gibson pleaded guilty to conspiracy to possess with intent to distribute 50 grams or more of methamphetamine. He was sentenced below the calculated guidelines range to 320 months of imprisonment. He raises three issues on appeal.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Gibson argues that he was denied due process because he was not informed prior to his plea of the amount of methamphetamine (actual) that would be attributed to him. Because the purity of the methamphetamine may substantially increase the guidelines range, he argues such knowledge may affect the decision to plead guilty. An alleged due process violation is reviewed de novo. *See United States v. Williams*, 343 F.3d 423, 439 (5th Cir. 2003). We have stated that "the Guidelines themselves do not implicate [the defendant's] due process right to notice" and that "[a]ll of the notice required is provided by the applicable statutory range, which establishes the permissible bounds of the court's sentencing discretion." *United States v. Schorovsky*, 95 F.4th 945, 949 (5th Cir. 2024) (internal quotation marks and citations omitted). Based upon our review of the record, Gibson was informed of the applicable statutory range and that the district court was not bound by any sentencing estimates he may have received. Gibson has not established that he was denied due process.

Next, Gibson argues that, because it was not shown that he knew the methamphetamine was imported, the district court erred by imposing a two-level enhancement under U.S.S.G. § 2D1.1(b)(5)(A). We have held that the importation enhancement applies "even if the defendant did not know that the methamphetamine was imported." *United States v. Serfass*, 684 F.3d 548, 554 (5th Cir. 2012). As Gibson concedes, this issue is foreclosed.

Finally, Gibson argues that his below-guidelines range sentence is substantively unreasonable. We review a preserved challenge to the substantive reasonableness of a sentence for abuse of discretion. *See United States v. Douglas*, 957 F.3d 602, 609 (5th Cir. 2020). Where, as here, the district court varies downward from the guidelines range, the sentence is entitled to a presumption of reasonableness. *See United States v. Barton*, 879 F.3d 595, 602 (5th Cir. 2018). This presumption can be rebutted "only upon a showing that the sentence does not account for a factor that should receive

significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

To the extent Gibson argues that his sentence is unreasonable because the methamphetamine Guideline is not empirically based, his argument is foreclosed by our caselaw. *See United States v. Lara*, 23 F.4th 459, 485-86 (5th Cir. 2022). Gibson also has failed to rebut the presumption of reasonableness by showing that an important factor was overlooked, that an improper factor was given significant weight, or that there was any error in the district court's balancing of the sentencing factors. *See Cooks*, 589 F.3d at 186. We will not reweigh the sentencing factors and will not substitute our own judgment for that of the district court. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

AFFIRMED.