# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 12, 2025

Lyle W. Cayce
Clerk

————————

No. 23-50040

————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Richard Schorovsky,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:22-CR-173-1

———————————————————————

ON REMAND FROM
THE SUPREME COURT OF THE UNITED STATES

Before Elrod, *Chief Judge*, and Willett and Duncan, *Circuit Judges*.
Per Curiam:[*]

This sentencing and plea appeal returns to us on remand from the Supreme Court, which vacated and remanded our judgment for further consideration consistent with its opinion in *Erlinger v. United States*, 602 U.S. 821 (2024). *See Schorovsky v. United States*, No. 23-7841, 2024 WL 4486342,

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-50040

at *1 (U.S. Oct. 15, 2024). In *Erlinger*, the Supreme Court held that a defendant was entitled under the Fifth and Sixth Amendments to have a jury unanimously determine beyond a reasonable doubt whether his past offenses were committed on separate occasions in order for the Armed Career Criminal Act (ACCA) sentence enhancement to apply. *See* 602 U.S. at 834–35.

In our prior decision in this case, we held that the district court's use of *Shepard*-approved documents to determine that "Texas offenses occurred on different dates and thus on separate occasions" was proper and that no jury was required to determine whether "his prior convictions occurred on different occasions for the ACCA enhancement." *United States v. Schorovsky*, 95 F.4th 945, 947–49 (5th Cir. 2024). We also held: (1) burglary of a habitation qualified as an ACCA predicate offense, *id.* at 949; (2) the district court did not violate Schorovsky's due process rights by characterizing burglary as a "violent felony," *id.* at 949–50; and (3) the district court's error in advising Schorovsky of the incorrect minimum and maximum terms of imprisonment that could result from his plea did not affect his substantial rights, *id.* at 950–51.

Only our holdings regarding the separate-occasions inquiries were affected by *Erlinger*. And after reconsidering those issues, we still AFFIRM the district court's sentence because Schorovsky has failed to show plain error. We REINSTATE our other holdings that were unaffected by *Erlinger*.

I

In his original briefing before us, Schorovsky argued that no *Shepard*-approved documents proved that his robbery and aggravated robbery convictions were "committed on occasions different from one another," as required by 18 U.S.C. § 924(e). He also argued that the district court violated

2

No. 23-50040

*Apprendi v. New Jersey* by finding that his prior convictions occurred on different occasions for the ACCA enhancement—rather than a jury finding that fact beyond a reasonable doubt. *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). But, as we stated before, Schorovsky did not raise either objection below, so we review for plain error. *See Schorovsky*, 95 F.4th at 947–48; *United States v. Curry*, 125 F.4th 733, 738 (5th Cir. 2025) (applying plain-error review when defendant "failed to preserve [his] ACCA sentence enhancement challenge"); *see also Erlinger*, 602 U.S. at 849–50 (ROBERTS, C.J., concurring) (discussing harmless-error review by appellate court on remand); *id.* at 859–61 (KAVANAUGH, J., dissenting) (discussing harmless-error review for preserved challenge).

Accordingly, to prevail, Schorovsky must show (1) an error (2) that is "clear or obvious" and that (3) affected his "substantial rights." *Puckett v. United States*, 556 U.S. 129, 135 (2009); *see Greer v. United States*, 593 U.S. 503, 507–08 (2021). If he makes such a showing, we may remedy the error— but only if the error "seriously affect[s] the fairness, integrity[,] or public reputation of judicial proceedings." *Puckett*, 556 U.S. at 135 (alteration in original) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)). We may review the entire record in our plain-error analysis—not just the record from the relevant proceeding. *See, e.g.*, *Greer*, 593 U.S. at 511; *United States v. Campbell*, 122 F.4th 624, 633 (6th Cir. 2024) ("[C]onsideration of the entire record is not limited to admissible evidence introduced at a trial. It can include, for example, 'information contained in a pre-sentence report.'" (citing *Greer*, 593 U.S. at 511)).

A

Based on *Erlinger*, the district court committed "error" that was "clear or obvious" when it failed to permit a jury finding on whether

Schorovsky's prior burglaries qualified as different occasions. *See Erlinger*, 602 U.S. at 835. The Government now concedes this point.

Because of this clear error, we need not address Schorovsky's related argument that no *Shepard*-approved documents proved that his robbery and aggravated robbery offenses were "committed on occasions different from one another." As we recently held, "[r]egardless of the district court's reliance on the [presentence report] or other materials, the district court clearly erred by not submitting the separate-occasions inquiry to a jury. In other words, there was no evidence the district court *could have* permissibly relied on to make the separate-occasions inquiry." *Curry*, 125 F.4th at 739 (emphasis added); *see United States v. Garza-Lopez*, 410 F.3d 268, 274 (5th Cir. 2005) ("[A] district court is not permitted to rely on a PSR's characterization of a defendant's prior offense for enhancement purposes.").

B

Where Schorovsky and the Government differ is whether the error affected Schorovsky's "substantial rights." For the error to affect his substantial rights, Schorovsky must show that "if the district court had correctly submitted the separate-occasions inquiry to the jury, there is a reasonable probability that he would not be subject to the ACCA-enhanced sentence." *Curry*, 125 F.4th at 739; *see also Greer*, 593 U.S. at 507–08 (holding that for an error to affect a defendant's substantial rights, "there must be 'a reasonable probability that, but for the error, the outcome of the proceeding would have been different'" (citation omitted)). Admittedly, making such a showing "is difficult." *Greer*, 593 U.S. at 508 (quoting *Puckett*, 556 U.S. at 135).

While "no particular lapse of time or distance between offenses automatically separates a single occasion from distinct ones," *Erlinger*, 602 U.S. at 841, "a single factor—especially of time or place—can decisively

differentiate occasions," *Wooden v. United States*, 595 U.S. 360, 370 (2022). We recently decided a similar ACCA enhancement challenge on the more lenient harmless-error standard. *See United States v. Butler*, 122 F.4th 584 (5th Cir. 2024). In *Butler*, the defendant's predicate convictions were seven months, ten months, and nearly a decade apart, respectively; involved different co-defendants or buyers in the ACCA-predicate drug sales; and involved different forms of illegal substances. *Id.* at 590. As a result, the district court's failure to permit a jury finding on the separate-occasions issue was harmless because "any rational jury would have found beyond a reasonable doubt" that the predicate drug offenses occurred on different occasions. *Id.*

Even more recently, we reviewed another ACCA-sentence-enhancement case for plain error. *See Curry*, 125 F.4th at 738–39. There, the record demonstrated that the defendant's "prior four burglaries were committed against different victims and were separated by weeks and sometimes years." *Id.* at 740. And the defendant never argued that the facts in the record—which the district court used—were inaccurate. *Id.* at 742. Accordingly, we found that the error did not affect the defendant's substantial rights. *Id.*

Our review of the entire record and the parties' briefing suggests no "reasonable probability" that Schorovsky's sentence "would have been different." *Greer*, 593 U.S. at 507–08 (citation omitted). Indeed, Schorovsky's prior convictions took place multiple days to multiple years apart at separate locations, with different victims. *See Wooden*, 595 U.S. at 369–70; *Curry*, 125 F.4th at 740. Schorovsky committed aggravated robbery on January 26, 2012, and his robbery occurred on January 28, 2012. Both occurred in Ector County but involved two different victims. He also committed burglary of a habitation on July 14, 2009. This burglary occurred in Midland County and involved another, different victim. And when the

No. 23-50040

Government provided the district court with the indictments and judgments for Schorovsky's prior convictions, Schorovsky did not object that the facts within them were inaccurate.

Although the two-day time frame between Schorovsky's robbery and aggravated robbery convictions is admittedly shorter than the time between offenses in *Butler* and *Curry*, the differing locations and victims of the crimes give "no reasonable probability" that a "rational jury" would have found a single "criminal episode" qualifying as one occasion.[1] *Cf. United States v. Johnson*, 114 F.4th 913, 917 (7th Cir. 2024) (finding no harmless error for robberies that were minutes and less than a mile apart). And Schorovsky's burglary—which occurred two-and-a-half years earlier—is just as "separate" from his other convictions as those in *Curry*.

Accordingly, the district court's "clear or obvious" *Erlinger* error did not affect Schorovsky's substantial rights. And as a result, Schorovsky has failed to show plain error.

II

Because Schorovsky has not shown plain error with respect to the district court's separate-occasions determination, we AFFIRM his ACCA-enhanced sentence. As for our previous holdings that (1) burglary of a habitation qualifies as a predicate ACCA offense, (2) the district court did not violate Schorovsky's due process rights by characterizing burglary as a violent felony, and (3) the district court did not plainly err when it advised

---

[1] In his *Erlinger* dissent, Justice Kavanaugh assumed that *Wooden*'s statement that courts "have nearly always treated offenses as occurring on separate occasions if a person committed them a day or more apart, or at a 'significant distance,'" *Wooden*, 595 U.S. at 370 (citation omitted), "will inform the content of jury instructions." *Erlinger*, 602 U.S. at 860 n.4 (KAVANAUGH, J., dissenting). If true, such jury instructions would only reinforce this conclusion.

No. 23-50040

Schorovsky of the incorrect minimum and maximum terms of imprisonment that could result from his plea, we REINSTATE them as none of those holdings was affected by *Erlinger*.