**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**January 6, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

——————————————

No. 03-51087
Summary Calendar

——————————————

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

JUAN BELEN CASTANEDA-BARRIENTOS,

                              Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. DR-03-CR-47-1 AML
---------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before Higginbotham and Davis, Circuit Judges.[*]

PER CURIAM:[**]

     This court affirmed the judgment of conviction and sentence

of Juan Belen Castaneda-Barrientos.  United States v. Castaneda-

Barrientos, No. 03-51087 (5th Cir. Aug. 18, 2004) (unpublished).

The Supreme Court vacated and remanded for further consideration

in light of United States v. Booker, 125 S. Ct. 738 (2005).

Castaneda-Barrientos v. United States, 125 S. Ct. 1077 (2005).

---

     [*] This appeal is being decided by a quorum due to the
retirement of Judge Pickering.  28 U.S.C. § 46(d).

     [**] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We requested and received supplemental letter briefs addressing the impact of Booker.

Castaneda argues that his sentence is unconstitutional under Booker because the district court imposed his sentence based on a factual finding that his prior conviction for transporting illegal aliens was an alien smuggling offense "for profit." The Government concedes Booker error and that the error is not harmless. However, the Government argues the issue was not preserved in the district court in order to be subject to harmless-error review.

A defendant is not required to specifically reference the Sixth Amendment, Apprendi v. New Jersey, 530 U.S. 466 (2000), or Blakely v. Washington, 542 U.S. 296 (2004), to preserve a Booker error. United States v. Olis, ___ F.3d ___, No. 04-20322, 2005 WL 2842077 *3 (5th Cir. Oct. 31, 2005). If a defendant voices repeated objections sufficient to apprise the sentencing court that he is raising a constitutional claim with respect to judicial fact-finding in the sentencing process, the error is preserved. Id. Castaneda referenced Apprendi and specifically stated that he was challenging the constitutionality of the court's fact-finding regarding his prior conviction for an alien smuggling offense. Thus, the issue is preserved.

Because the Government concedes a Sixth Amendment error in violation of Booker that is not harmless, the judgment of

conviction is REINSTATED, the sentence is VACATED, and the matter is REMANDED for resentencing.