# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-11084

---

United States Court of Appeals
Fifth Circuit

**FILED**

January 13, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Paul Curry, Jr.,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CR-396-1

---

Before Richman, Haynes, and Duncan, *Circuit Judges*.

Priscilla Richman, *Circuit Judge*:

Paul Curry, Jr., appeals his guilty plea conviction under 18 U.S.C. § 922(g)(1) and sentence for possession of a firearm by a felon. The district court sentenced him to 262 months of imprisonment. For the first time on appeal, Curry argues that § 922(g)(1) is unconstitutional and that the district court incorrectly sentenced him as an armed career criminal under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). Because he fails to demonstrate plain error, we affirm.

No. 22-11084

## I

Paul Curry, Jr., pleaded guilty to possession of a firearm by a felon. The presentence report (PSR) concluded that Curry was an armed career criminal within the meaning of the ACCA because he had four prior Texas convictions for burglary of a habitation, each committed on occasions different from one another. Applying the ACCA enhancement, the PSR determined that Curry faced a statutory minimum sentence of fifteen years, a statutory maximum of life, and a guidelines range of 210 to 262 months of imprisonment.

Curry did not object to the PSR. The district court adopted the findings and conclusions in the PSR and sentenced him within the guidelines range to 262 months of imprisonment. Curry timely appealed.

## II

We first address Curry's arguments that § 922(g)(1) is unconstitutional. Curry did not challenge the constitutionality of § 922(g)(1) before the district court. Therefore, we review his constitutional challenge for plain error.[1] To establish reversible error under plain error review, Curry must show (1) an error, (2) that is clear or obvious, and (3) that affected his substantial rights.[2] Even if he makes such a showing, this court has discretion to correct the error only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."[3]

---

[1] *United States v. Howard*, 766 F.3d 414, 419 (5th Cir. 2014).

[2] *United States v. Brown*, 437 F.3d 450, 451 (5th Cir. 2006).

[3] *Puckett v. United States*, 556 U.S. 129, 135 (2009) (internal quotation marks omitted) (alteration in original) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

No. 22-11084

First, Curry argues that § 922(g)(1) is unconstitutional because it exceeds Congress's power under the Commerce Clause. "[W]e have consistently upheld the constitutionality of § 922(g)(1)" in the face of identical challenges.[4] This argument is foreclosed.

In a similar vein, Curry stipulated to the firearm's past movement in interstate commerce but argues that § 922(g)(1) requires more. This argument is similarly foreclosed by precedent.[5]

Second, Curry mounts a facial challenge to the constitutionality of § 922(g)(1), arguing that, applying the Supreme Court's decision in *New York State Rifle & Pistol Association v. Bruen*,[6] § 922(g)(1) violates the Second Amendment. This argument, too, is foreclosed by precedent.

"A facial challenge is an attack on a statute itself as opposed to a particular application."[7] The Supreme Court has recently confirmed that, generally speaking, in cases other than a suit based on the First Amendment, "a plaintiff cannot succeed on a facial challenge unless he 'establish[es] that no set of circumstances exists under which the [law] would be valid,' or he

---

[4] *United States v. Alcantar*, 733 F.3d 143, 145 (5th Cir. 2013); *see also United States v. De Leon*, 170 F.3d 494, 499 (5th Cir. 1999) ("This court has repeatedly emphasized that the constitutionality of § 922(g)(1) is not open to question.").

[5] *See United States v. Rawls*, 85 F.3d 240, 242 (5th Cir. 1996) (per curiam) ("The 'in or affecting commerce' element can be satisfied if the firearm possessed by a convicted felon had previously traveled in interstate commerce."); *Scarborough v. United States*, 431 U.S. 563, 575 (1977) ("[W]e see no indication that Congress intended to require any more than the minimal nexus that the firearm have been, at some time, in interstate commerce.").

[6] 142 S. Ct. 2111 (2022).

[7] *City of Los Angeles v. Patel*, 576 U.S. 409, 415 (2015).

shows that the law lacks a 'plainly legitimate sweep.'"[8] The Court has also explained that "when assessing whether a statute meets this standard, the Court has considered only applications of the statute in which it actually authorizes or prohibits conduct."[9]

Section 922(g)(1) provides that "[i]t shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."[10] Our court held in *United States v. Diaz*[11] that § 922(g)(1) is not unconstitutional as applied to a person who was found in possession of a firearm following his previous felony convicted under Texas law for vehicular theft.[12] The defendant in *Diaz* was convicted under § 922(g)(1) as being a felon in possession of a firearm. The *Diaz* decision applied the Supreme Court's recent decision in *United States v. Rahimi*,[13] and, after extensive analysis of Diaz's as-applied challenge based on the Second Amendment, held that "'[t]aken together,' laws authorizing severe punishments for thievery and permanent disarmament in other cases establish that our tradition of firearm

---

[8] *Moody v. NetChoice, LLC*, 603 U.S. 707, 723 (2024) (alteration in original) (first quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987); then quoting *Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 449 (2008)).

[9] *Patel*, 576 U.S. at 418 (citing *Planned Parenthood of Se. Pa. v. Casey*, 505 U.S. 833 (1992)).

[10] 18 U.S.C. § 922(g)(1).

[11] 116 F.4th 458, 461 (5th Cir. 2024).

[12] *Id.* at 461-62.

[13] 144 S.Ct. 1889 (2024).

regulation supports the application of § 922(g)(1) to Diaz."[14] Because Diaz's conviction as a felon in possession was upheld, it follows that circumstances exist under which § 922(g)(1)'s prohibitions regarding a felon in possession of a firearm are not facially invalid. Indeed, in *Diaz* itself, this court held that Diaz's facial challenge failed because the statute was constitutional as applied to the facts of his own case.[15] Curry's argument based on the Second Amendment that his conviction was clear or obvious error fails.

## III

We next address Curry's challenges to his ACCA sentence enhancement. Curry advances two arguments for why his ACCA sentence enhancement was error. First, he asserts that the district court violated his Fifth and Sixth Amendment rights by not submitting the question of whether his prior crimes occurred on separate occasions to a jury. Second, and in the alternative, Curry argues that the district court erred by solely relying on the PSR in applying the ACCA enhancement.

Before reaching the substance of Curry's challenges, we must determine the appropriate standard of review. Curry contends that he preserved his challenges to his ACCA enhancement and that review is de novo. He points to a footnote in the factual resume stating that he objected to "any sentence of imprisonment that exceeds ten years" on the grounds that "[a]ny sentence exceeding those limits would violate his rights to Due

---

[14] *Diaz*, 116 F.4th at 471 (quoting *Rahimi*, 144 S.Ct. at 1901).

[15] *Id*. at 471-72 (citing *Rahimi*, 144 S.Ct. at 1898) (holding that because Rahimi's conviction under § 922(g)(8) was constitutional as applied to him, he could not sustain a facial challenge)); *see also United States v. Trevino*, ___F.4th ___, 2024 WL 5249789, at *4 (5th Cir. 2024) (reiterating the Supreme Court's continued emphasis that "laws disarming 'felons' are 'presumptively lawful'" before rejecting the defendant's facial challenge to § 922(g)(1) based on *Diaz* (first quoting *Rahimi*, 144 S.Ct. at 1902; then citing *Diaz*, 116 F.4th at 471-72)).

Process, his right to have an indictment that includes the relevant and elemental facts of the charge against him, and his right to have his guilt proven beyond a reasonable doubt." The Government disagrees, arguing that Curry's objection was not specific enough to put the district court on notice of potential issues for appeal.

We agree with the Government that Curry failed to preserve his ACCA-sentence-enhancement challenges adequately. "To preserve error, an objection must be sufficiently specific to alert the district court to the nature of the alleged error and to provide an opportunity for correction."[16] While "the objection and argument on appeal need not be identical," the objection must "'g[i]ve the district court the opportunity to address' the gravamen of the argument presented on appeal."[17]

For defendants challenging a court's failure to submit a sentence-enhancing fact to a jury, we have held that "[i]f a defendant voices [an] objection[] sufficient to apprise the sentencing court that he is raising a *constitutional claim* with respect to judicial fact-finding in the sentencing process, the error is preserved."[18] Curry's objection, however, did not apprise the district court that he was challenging its separate-occasions determination. His objection merely broadly stated his rights as a criminal defendant. The objection did not specify the ACCA's separate-occasion requirement or even mention his right to a jury. Moreover, at sentencing, Curry acknowledged that there were no pending objections to the PSR and

---

[16] *United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009).

[17] *United States v. Nesmith*, 866 F.3d 677, 679 (5th Cir. 2017) (alteration in original) (quoting *United States v. Garcia-Perez*, 779 F.3d 278, 281-82 (5th Cir. 2015)).

[18] *United States v. Rodarte-Vasquez*, 488 F.3d 316, 320 (5th Cir. 2007) (internal quotation marks omitted) (quoting *United States v. Castaneda–Barrientos*, 448 F.3d 731, 732 (5th Cir. 2006)).

he did not make any other objections. Without more specificity in the factual resume footnote, the district court did not have an opportunity to address "the gravamen" of Curry's argument on appeal that he was entitled to have a jury determine whether his prior crimes occurred on separate occasions.[19] Because Curry failed to preserve this ACCA sentence enhancement challenge, we review it for plain error.

Plain error review requires that Curry establish an error that is clear or obvious.[20] After the parties' briefs were filed in this case, the Supreme Court decided *Erlinger v. United States*.[21] In *Erlinger*, the Court recognized a defendant's right to "have a jury resolve ACCA's occasions inquiry unanimously and beyond a reasonable doubt."[22]

Because of *Erlinger*, we need not address Curry's contention that the district court erred by relying solely on the PSR's characterization of his prior convictions. Regardless of the district court's reliance on the PSR or other materials, the district court clearly erred by not submitting the separate-occasions inquiry to a jury. In other words, there was no evidence the district court could have permissibly relied on to make the separate-occasions inquiry.

---

[19] *Cf. United States v. Zarco-Beiza*, 24 F.4th 477, 482, n.4 (5th Cir. 2022) (holding that a defendant's written objection to the PSR that "he is presumed innocent of any arrests or apprehension not resulting in a conviction" did not "reasonably 'inform[] the court of the legal error at issue'—*i.e.*, improper reliance on a bare arrest record" (quoting *Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766 (2020)); *United States v. Sanchez-Espinal,* 762 F.3d 425, 429 (5th Cir. 2014) ("[T]he objections raised to the PSR and at the sentencing hearing did not put the district court on notice" of defendant's argument.).

[20] *Puckett v. United States*, 556 U.S. 129, 135 (2009).

[21] 144 S. Ct. 1840 (2024).

[22] *Id.* at 1852.

Under plain error review, however, the defendant must do more than establish clear error. The defendant must also prove that the error affected his substantial rights.[23] To prove an error affected his substantial rights, a "defendant ordinarily 'must show a reasonable probability that, but for the error, the outcome of the proceeding would have been different.'"[24] We have explained that this analysis is akin to the harmless error review for preserved challenges, except "the defendant has the burden of proving that an error *did* impact his substantial rights."[25]

It is not enough that Curry's Sixth Amendment rights were violated. The Supreme Court has clarified that even Sixth Amendment violations, such as "[f]ail[ing] to submit a sentencing factor to the jury" or "fail[ing] to submit an element to the jury," are not structural errors.[26] We have also recently applied harmless-error analysis to a district court's error under *Erlinger* in failing to afford the defendant a jury determination of the "different occasions" inquiry.[27] Consequently, Curry has the burden of showing that if the district court had correctly submitted the separate-

---

[23] *United States v. Brown*, 437 F.3d 450, 451 (5th Cir. 2006).

[24] *United States v. Randall*, 924 F.3d 790, 796 (5th Cir. 2019) (quoting *Molina-Martinez v. United States*, 578 U.S. 189, 194 (2016)).

[25] *Id.* at 795.

[26] *Washington v. Recuenco*, 548 U.S. 212, 222 (2006); *see also Erlinger v. United States*, 144 S. Ct. 1840, 1860 (2024) (ROBERTS, C.J., concurring) (explaining that violations of a defendant's right "to have a jury determine beyond a reasonable doubt whether his predicate offenses were committed on different occasions for purposes of the Armed Career Criminal Act" are "subject to harmless error review").

[27] *United States v. Butler*, 122 F.4th 584, 589-90 (5th Cir. 2024) (likening an error under *Erlinger* to an error under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and thus applying harmless-error analysis to hold an error harmless based on a "straightforward" record).

occasions inquiry to the jury, there is a reasonable probability that he would not be subject to the ACCA-enhanced sentence.[28]

To determine whether Curry has met this burden, we "may consider the *entire* record."[29] That includes the supplemental record on appeal. In *Greer v. United States*,[30] the defendant argued that plain-error review of his conviction must exclusively focus on the trial record.[31] Specifically, the defendant argued that the appellate court may only review the trial record to determine whether the district court's failure to submit an element of the offense to the jury affected his substantial rights.[32] The Supreme Court disagreed, holding that "an appellate court conducting plain-error review may consider the *entire* record—not just the record from the *particular proceeding* where the error occurred."[33] Accordingly, we may consider the supplemental record submitted to us, which details Curry's prior convictions.

---

[28] *See United States v. Candelario*, 240 F.3d 1300, 1310 (11th Cir. 2001) (noting that the plain-error substantial rights analysis "is akin to the harmless error analysis employed in preserved error cases, which asks whether a rational jury would have found the defendant guilty absent the error"); *cf. Greer v. United States*, 141 S. Ct. 2090, 2097 (2021) ("Greer has the burden of showing that, if the District Court had correctly instructed the jury on the *mens rea* element of a felon-in-possession offense, there is a 'reasonable probability' that he would have been acquitted." (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004)).

[29] *Greer*, 141 S. Ct. at 2098; *see also Butler*, 122 F.4th at 589 ("An otherwise valid conviction will not be set aside if the reviewing court may confidently say, on the whole record, that the constitutional error was harmless beyond a reasonable doubt." (quoting *United States v. Matthews*, 312 F.3d 652, 665 (5th Cir. 2002))).

[30] 141 S. Ct. 2090 (2021).

[31] *Id.* at 2098.

[32] *Id.*

[33] *Id.*

No. 22-11084

In light of the conviction documents in the supplemental record on appeal, Curry has failed to demonstrate a reasonable probability that his sentence would have been different had the district court not erred. These documents demonstrate that Curry's prior four burglaries were committed against different victims and were separated by weeks and sometimes years. Further, at least twice, the burglaries were separated by intervening convictions. First, a guilty-plea judgment reveals Curry pleaded guilty in January 1986 to a burglary that occurred in September 1985. Second, according to two different guilty-plea judgments, Curry pleaded guilty in October 1987 for two burglaries that occurred over a year after his previous burglary *conviction*, one on July 20, 1987, and one on August 2, 1987. Finally, another judgment reveals that a jury convicted Curry of burglary in July 1989 for conduct that occurred in March 1989—nearly two years after his 1987 *convictions*.

While the Supreme Court has cautioned that "no particular lapse of time or distance between offenses automatically separates a single occasion from distinct ones,"[34] the Court has also explained that "a single factor—especially of time or place—can decisively differentiate occasions."[35] Here, Curry's *convictions* were separated by years, and the underlying burglaries were often separated by an intervening conviction. Curry carries the burden to establish his substantial rights were affected, and he fails to provide any plausible explanation for how a jury may reasonably conclude these crimes were not committed on separate occasions.

---

[34] *Erlinger v. United States*, 144 S. Ct. 1840, 1855 (2024).

[35] *Wooden v. United States*, 142 S. Ct. 1063, 1071 (2022).

The Supreme Court's grant of certiorari, vacatur, and remand of *United States v. Schorovsky*[36] does not alter that conclusion. In *Schorovsky*, this court held that the district court did not plainly err by treating the defendant's prior offenses as having taken place on separate occasions for ACCA purposes when he committed the offenses two days apart.[37] The Supreme Court then granted the defendant's petition for certiorari, vacated this court's opinion, and remanded the case for further consideration in light of *Erlinger*.[38]

Curry argues that the grant, vacate, and remand in *Schorovsky* shows that the Court "was evidently unwilling to assume that the deprivation of a jury trial as to the separate occasions requirement had no effect on substantial rights where the prior offenses occurred two days apart." This interpretation of the Supreme Court's decision, however, fails to take two factors into account. First, the Supreme Court's "normal practice where the court below has not yet passed on the harmlessness of any error" is to "remand" the case to the circuit court "to consider in the first instance" whether the error was harmless.[39] Because this court did not determine that any error had occurred in *Schorovsky*, we never conducted harmless error analysis, so it is in line with the Supreme Court's standard practice to direct us to do so in the first instance.

Second, in *Schorovsky*, two of the defendant's ACCA-qualifying offenses took place two days apart, a gap which this court deemed

---

[36] 95 F.4th 945 (5th Cir. 2024), *cert. granted, vacated, and remanded*, ____ S. Ct. ____, 2024 WL 4486342 (2024).

[37] *Id.* at 947-48.

[38] *Schorovsky v. United States*, ____ S. Ct. ____, 2024 WL 4486342, at *1 (2024).

[39] *Neder v. United States*, 527 U.S. 1, 25 (1999).

"conclusive" without further information in affirming that they occurred on separate occasions.[40]  Meanwhile, the three burglaries at issue in *Erlinger* took place across the span of seven days—on April 4, April 8, and April 11—yet the Court in that case nevertheless remanded the case rather than ruling that the error was harmless.[41]  Given that remand was appropriate when the gaps between offenses were between three and four days, it would defy expectations for the Court not to remand a case that involves only a two-day gap between offenses, especially as smaller periods of time more strongly indicate one continuous occasion.[42]  By contrast, as explained above, the record shows that gaps of weeks or even years separated Curry's prior offenses.  Thus, even if the Supreme Court believed that the error in *Schorovsky* may have impacted the defendant's substantial rights because the gap between offenses was only two days, it does not follow that the district court's *Erlinger* error affected Curry's substantial rights when the gaps between his offenses were much longer.

In his supplemental brief, Curry also suggests that his substantial rights were affected because the Government cannot show that he would have pleaded guilty had he known he had the right to have a jury determine the separate-occasions inquiry.  He also argues that perhaps the Government would not have pursued an ACCA sentence enhancement had it been aware of the jury requirement.  Under plain-error review, however, the burden is

_____

[40] *Schorovsky*, 95 F.4th at 947-48 (quoting *United States v. Alkheqani*, 78 F.4th 707, 726 (5th Cir. 2023)).

[41] *Erlinger v. United States*, 144 S. Ct. 1840, 1862 (2024) (KAVANAUGH, J., dissenting); *id.* at 1860 (majority opinion).

[42] *See Wooden v. United States*, 142 S. Ct. 1063, 1071 (2022) ("Offenses committed close in time, in an uninterrupted course of conduct, will often count as part of one occasion; not so offenses separated by substantial gaps in time or significant intervening events.").

on Curry to establish a reasonable probability that he would not have pleaded guilty had he known he had a right for a jury to make the separate-occasions determination.[43]  Curry never argues that he would not have pleaded guilty; rather, he argues that "the scant record evidence regarding the prior convictions, combined with the open-ended nature of the *Wooden*[44] inquiry, makes trial rather than plea an entirely rational choice."  However, the Supreme Court in *Greer* required more than a mere suggestion that the defendant might not have pleaded guilty in order to find plain error; rather, the Court faulted the defendant for not having "argued or made a representation that [he] would have presented evidence at trial" that would have supported his claim that his mental state did not satisfy an element of the crime.[45]  Here, Curry relies on the "scant record evidence" to make this showing, but we do not view the record evidence as weak.  As explained above, court documentation shows that weeks or years separated his prior offenses, and he committed them against different victims.  Curry never argues that these documents are inaccurate.  Rather, he argues that they may be insufficient given the "open-ended nature of the *Wooden* inquiry."  But given the Supreme Court's observation that "a single factor—especially of

---

[43] *See Greer v. United States*, 141 S. Ct. 2090, 2097 (2021) (explaining that the defendant had "the burden of showing that, if the District Court had correctly advised him of the *mens rea* element of the offense, there is a 'reasonable probability' that he would not have pled guilty" (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004)).

[44] *Wooden v. United States*, 142 S. Ct. 1063 (2022).

[45] *Greer*, 141 S. Ct. at 2098 (observing that "[i]mportantly, on appeal, neither [defendant] has argued or made a representation that they would have presented evidence at trial that they did not in fact know they were felons when they possessed firearms," and therefore the defendant who pleaded guilty could not "show that, but for the [] error during the plea colloquy, there is a reasonable probability that he would have gone to trial rather than plead guilty").

time or place—can decisively differentiate occasions,"[46] we disagree that the time gaps and identity of the victims constitute "scant record evidence."

Moreover, in his factual resume, Curry acknowledged "that if the Government meets its burden of proving by the required competent and credible evidence that [he] had previously been convicted of, *inter alia*, at least three violent felonies," then he would be subject to the ACCA's mandatory minimum sentence. In the absence of any substantiated argument that he would not have pleaded guilty, Curry has not established that the district court's *Erlinger* error affected his substantial rights.

## IV

Finally, we briefly address Curry's request that we reconsider a previously denied joint motion to remand in light of *Erlinger*. At the time of the joint motion, which was before *Erlinger*, the Government took the position that Curry was ineligible for an ACCA sentence because, in pleading guilty, he did not admit that his prior burglary offenses were committed on at least three different occasions. While the Government wanted to present this position to the district court so it could reconsider Curry's sentence, a motions panel of our court denied the motion because the movants failed to establish that the district court may have committed legal error in its sentencing. Given *Erlinger*, the motions panel's reasoning is undoubtedly no longer valid; the district court clearly erred by failing to submit the separate-occasions question to a jury. But the Government does not argue for a remand now. In both its merits briefs and supplemental brief, it argues that we should affirm Curry's conviction and sentence. The only published Fifth Circuit cases that Curry cites for this request are ones in which we remanded based on the Government's "agree[ment] that the

---

[46] *Wooden*, 142 S. Ct. at 1071.

No. 22-11084

[defendant's] sentence must be vacated and the case remanded for resentencing."[47]  That is not the case here.  Moreover, given the absence of any evidence suggesting his prior crimes occurred on separate occasions, Curry has failed to persuade us that a remand in this case would be "just under the circumstances."[48]

\*　　　\*　　　\*

For the foregoing reasons, the district court's judgment is AFFIRMED.

---

[47] *United States v. Armendariz-Moreno*, 571 F.3d 490, 491 (5th Cir. 2009) (per curiam); *see also United States v. Castano*, 217 F.3d 889, 889 (5th Cir. 2000) (per curiam) ("[T]he government now confesses error and takes the position that Castano is entitled to relief.").

[48] 28 U.S.C. § 2106.